# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Horizon Global Americas Inc.

              Plaintiff,

              v.

Curt Manufacturing, LLC

              Defendant.

_____/

Case No. 2:17-cv-11879

Judge

Demand For Jury Trial

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Timothy J. Lowe (P68669)
MCDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
t 248.646.5070 │ f 248.646.5075
tlowe@mcdonaldhopkins.com

*Attorneys for*
*Horizon Global Americas Inc.*

_____/

{6800601:}

## Complaint

For its complaint against defendant Curt Manufacturing, LLC ("Curt"), plaintiff Horizon Global Americas Inc. ("Horizon") states:

## Summary of Case

1.     This is an action for damages and injunctive relief to remedy the infringement by Curt of U.S. Patent Nos. 9,522,583 (the "'583 patent"), 9,248,713 (the "'713 patent"), and 9,592,863 (the "'863 patent"). Collectively, the '583, '713, and '863 patents are the "Patents."

2.     The Patents are directed to equipment for the towing industry, including an improved fifth wheel hitch and unique devices for securing trailer safety chains to towing vehicles.

## The Parties

3.     Horizon is a Delaware corporation with a principal place of business in Michigan. Prior to a recent name change, Horizon was known as Cequent Performance Products, Inc.

4.     Curt is a Delaware limited liability company with a principal place of business in Wisconsin.

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over Horizon's patent infringement claims under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

6.     This Court has personal jurisdiction over Curt on various grounds, including (without limitation) because it has offered to sell and, upon information and belief, has actually sold products infringing the Patents in Michigan; it has intentionally caused tortious harm to Horizon in Michigan resulting from its infringing activities, with knowledge that such harm would be sustained by Horizon in Michigan; and, upon information and belief, it has regularly solicited business in Michigan, engaged in a persistent course of conducting business in Michigan, and derived substantial revenue from goods sold in Michigan.

7.     Venue is proper under 28 U.S.C. § 1400 because Curt has committed acts of infringement in this district, and it has a regular and established place of business in this district. Curt sells products in this district through online stores, including Amazon.com and etrailer.com, and through many brick-and-mortar dealers, installers, and retailers in this

district. Furthermore, Curt has a physical warehouse and engineering facility, staffed by Curt employees and engineers, in Wixom, Michigan.

## Relevant Facts

### I.   Horizon's Legal Rights

8.     Since around 1950, Horizon and its predecessors and affiliates have continually designed, produced, manufactured, and marketed a wide array of towing and trailer hitch products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

9.     Under its popular *Reese*® brand name and other brands, Horizon (and its predecessors) has been a market leader for towing products for decades.

10.    The '583 patent issued on December 20, 2016.

11.    The '713 patent issued on February 2, 2016.

12.    The '863 patent issued on March 14, 2017.

13.    The '583 patent is directed to unique devices and apparatuses for securely and conveniently tying things (*e.g.*, safety chains) to towing vehicles.

14.    The '713 patent is directed to unique devices that can be used to secure a safety chain in gooseneck hitch applications.

15.     The '863 patent is directed to improved fifth wheel hitch devices.

16.     Horizon is the exclusive owner of the Patents.

## II.  Curt's Infringement of the Patents

17.     Curt is making, importing, using, selling, and/or offering to sell products in the United States that: (a) are covered by one or more claims of the '583 patent, including, without limitation, the Curt OEM-compatible gooseneck safety chain anchors (part nos. 60617, 60608, 60617, and 60691); (b) are covered by one or more claims of the '713 patent, including, without limitation, the Curt OEM-Style Gooseneck Hitch for Ram (part no. 60613); and (c) are covered by one or more claims of the '863 patent, including, without limitation, the Curt A16 5th Wheel Hitch. Collectively, the infringing Curt products are the "Infringing Products."

18.     Among its various methods of sale, Curt has been selling the Infringing Products through online stores, including, without limitation, Amazon.com and etrailer.com. Customers in Michigan and other states can order the Infringing Products from those online stores, which the stores will ship to any address in the United States, including in Michigan.

19.     Curt's website also identifies numerous brick-and-mortar dealers, retailers, and installers in Michigan that sell the Infringing Products.

## Count One
*Infringement of the '583 patent*

20.    Horizon incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

21.    Curt has directly infringed, and continues to directly infringe, the '583 patent at least by selling, offering to sell, using, making and/or importing gooseneck safety chain anchors, including (without limitation) part nos. 60617, 60608, 60617, and 60691 (collectively, the "Infringing Anchors").

22.    As an illustrative example shown below, part no. 60608 (which functions in materially the same way as the other Infringing Anchors) has each of the limitations in claim 1 of the '583 patent. The drawings in the chart are copied from Curt's Installation Instructions for the product (available at *https://assets.curtmfg.com/masterlibrary/ 60608/installsheet/CM_60608_INS.pdf*), and the photo on p. 8 is of the product itself.

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| 1. A tie down apparatus for securing an item, the tie down apparatus comprising: | Curt's website (www.curtmfg.com/part/60608) and the name of the product itself confirm that the anchor is for securing a gooseneck trailer safety chain. |
| a body member rotatable about an axis between first and second rotational positions within a receiving member | Curt's instructions show that the anchor is rotatable about an axis between two positions within a receiving member:  |

| Claim Limitation | Element on Infringing Product |
|---|---|
| a locking member extending through the body member and being axially moveable relative to the body member between first and second axial positions, wherein the locking member in the second axial position prevents rotation of the body member from the second rotational position to the first rotational position and the locking member is prevented from moving from the first axial position to the second axial position until the body member is rotated from the first rotational position to the second rotational position. |   The locking member, when in second axial position, prevents the body member from rotating within the receiving member:    The Curt anchor must be rotated into the second rotational position before the locking member can be moved into the second axial position, which is confirmed by Curt instructing customers to rotate the anchor 90° before fully inserting the locking member (a 10 mm pin). |

| Claim Limitation | Element on Infringing Product |
|---|---|
| |  |

This is further confirmed by the shape of the receiving member shown on the Curt instructions, which will not permit the pin to reach the second axial position while the body member is in the first rotational position:

red shaded region is part of receiving member that prevents pin from reaching second axial position until body member is rotated to second rotational position

Figure 3

when pin moves into second axial position on body member (after Curt anchor is rotated into second rotational position), pin sits in green shaded region of receiving member and thereby prevents anchor from being rotated back to first rotational position.

23.     Upon information and belief, Curt has had actual knowledge of the '583 patent and actual knowledge that its Infringing Anchors infringe that patent when they are manufactured, used, imported, sold, or offered for sale. Yet Curt has continued to sell the Infringing Anchors. Upon

information and belief, Curt knew about the '583 patent prior to this lawsuit at least because: (a) two of its patents (U.S. Patent Nos. 9,452,647 and 8,925,952) cite to Cequent patents (U.S. Patent No. 8,215,658 and 8,360,458) that are related to the '583 patent and which expressly claim priority to the same parent application (12/578,978) as the '583 patent; and (b) Curt and Cequent are head-to-head competitors in the hitch product market and, upon information and belief, Curt has been monitoring Cequent's products, its marketing, and related patent activities, so that Curt was undoubtedly aware of Cequent's safety chain tie down product, which is marked with the '583 patent in accordance with 35 U.S.C. § 287(a), and the December 20, 2016 issuance of the '583 patent that covers that product.

24.    Each of the Infringing Anchor's only commercial use is as a safety chain tie down device.

25.    Any use of the Infringing Anchors as a safety chain tie down device is an act of direct infringement of the '583 patent.

26.    Because the sole intended use of the Infringing Anchors is an infringing use, the Infringing Anchors have no substantial non-infringing uses.

27.     Curt has induced infringement of the '583 patent at least because, with knowledge of the '583 patent, it intentionally and actively induced end users of the Infringing Anchors (through instructions, videos, and otherwise) to use them in a manner that infringes the '583 patent with specific intent that they do so.

28.     Curt has further induced infringement of the '583 patent at least by selling the Infringing Anchors to distributors, retailers, and other resellers with specific intent that they infringe the '583 patent by reselling the Infringing Anchors to others.

29.     Curt has contributed to infringement of the '583 patent at least by selling the Infringing Anchors, which have no substantial use other than an infringing use as either chain tie down devices or hitches for towing applications.

30.     Curt's infringements of the '583 patent were, and continue to be, willful and deliberate.

31.     Horizon has been damaged by Curt's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## Count Two
### *Infringement of the '713 patent*

32.     Horizon incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

33.     Curt has directly infringed, and continues to directly infringe, the '713 patent at least by selling, offering to sell, using, making and/or importing gooseneck hitch safety chain tie-downs, including (without limitation) the Curt OEM-Style Gooseneck Hitch for Ram, part no. 60613 (collectively, the "Infringing Tie-Downs").

34.     As an illustrative example of Curt's infringement, part no. 60613 has each of the limitations in claim 1 of the '713 patent. The images in the chart below are screenshots from Curt's installation video for the product (available at *http://www.curtmfg.com/part/60613*).

| Claim Limitation | Element on Infringing Product |
| --- | --- |
| 1. A safety chain engaging device for a towing vehicle having a gooseneck hitch attached with transversely extending frame member of the towing vehicle, the safety chain engaging device comprising: | Curt's website (www.curtmfg.com/part/60613) confirms that the Infringing Tie-Downs are for securing a gooseneck trailer safety chain. |

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| a first bracket configured to be secured with the frame member of the towing vehicle and having at least a portion thereof configured to be disposed axially beneath the frame member upon securement of the first bracket with the frame member;<br><br><span style="color:red">frame member of the towing vehicle</span><br><br><span style="color:red">first bracket, secured to frame with bolts (shown) and nut plates (not shown)</span> | Curt's installation video shows the product has a first bracket as claimed:<br><br> |
| a second bracket attached with the first bracket, the second bracket including a plate member spaced from the first bracket such that at least a portion of the frame member is configured to be positioned between the plate member and the first bracket; and | <span style="color:red">portion of frame member positioned between the plate member and the first bracket</span><br><br><br><br><span style="color:red">second bracket</span><br><br><span style="color:red">plate member</span> |

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| at least one safety chain engaging member secured with the plate member, wherein the at least one safety chain engaging member is spaced from the frame member upon securement of the first bracket with the frame member. |  |

35.    Upon information and belief, Curt has had actual knowledge of the '713 patent and actual knowledge that its Infringing Tie-Downs infringe that patent when they are manufactured, used, imported, sold, or offered for sale. Yet Curt has continued to sell the Infringing Tie-Downs. Upon information and belief, Curt knew about the '713 patent prior to this lawsuit

at least because Curt and Cequent are head-to-head competitors in the hitch product market and, upon information and belief, Curt has been monitoring Cequent's products, its marketing, and related patent activities, so that Curt was undoubtedly aware of Cequent's safety chain tie down products, which are marked with the '713 patent in accordance with 35 U.S.C. § 287(a), and the February 2, 2016 issuance of the '713 patent that covers those products.

36.     Each of the Infringing Tie-Downs' only commercial use is as a safety chain tie down device for gooseneck trailer applications.

37.     Any use of the Infringing Tie-Downs as a safety chain tie down device for gooseneck trailers is an act of direct infringement of the '713 patent.

38.     Because the sole intended use of the Infringing Tie-Downs is an infringing use, the Infringing Tie-Downs have no substantial non-infringing uses.

39.     Curt has induced infringement of the '713 patent at least because, with knowledge of the '713 patent, it intentionally and actively induced end users of the Infringing Tie-Downs (through instructions, videos, and otherwise) to use them in a manner that infringes the '713 patent with specific intent that they do so.

40. Curt has further induced infringement of the '713 patent by selling the Infringing Tie-Downs to distributors, retailers, and other resellers with specific intent that they infringe the '713 patent by reselling the Infringing Tie-Downs to others.

41. Curt has contributed to infringement of the '713 patent at least by selling the Infringing Tie-Downs, which have no substantial use other than an infringing use as chain tie down devices for gooseneck trailer applications.

42. Curt's infringements of the '713 patent were, and continue to be, willful and deliberate.

43. Horizon has been damaged by Curt's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

### **Count Three**
### *Infringement of the '863 patent*

44. Horizon incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

45. Curt has directly infringed, and continues to directly infringe, the '863 patent at least by selling, offering to sell, using, making and/or

importing fifth wheel hitches with isolation systems including (without limitation) the A16 5th Wheel Hitch (collectively, the "Infringing Hitches").

46.   As an illustrative example, part no. 16120 has each of the limitations in claim 1 of the '863 patent. The drawings in the chart are copied from Curt's Installation Instructions for the product (available at *https://assets.curtmfg.com/masterlibrary/16120/installsheet/CM_16120_INS. pdf*), and the photo on p. 19 is of the product itself.

| Claim Limitation | Element on Infringing Product |
|---|---|
| 1. A fifth wheel hitch comprising: | Curt's website (www.curtmfg.com/part/ 16120) and the name of the product itself confirm that the product is a fifth wheel hitch. |
| at least one support frame capable of engagement with a towing vehicle; |  support frame that attaches to the tow vehicle's mounting rails<br><br>Figure 24 |

| Claim Limitation | Element on Infringing Product |
|---|---|
| a cross-member attached to said at least one support frame; |  cross-member  Figure 24 |
| an isolation system operatively coupled with said cross-member, said isolation system comprising: a beam engaged with said cross-member about a first axis, wherein a cross-member isolator dampens longitudinal displacement of said beam generally along said first axis; and |  a beam engaged with cross-member  cross-member isolator |

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| a skid plate engaged with said beam about a second axis, where a wing isolator dampens radial displacement of said skid plate relative to said second axis. |  |

47.    Upon information and belief, Curt has had actual knowledge of the '863 patent and actual knowledge that its Infringing Hitches infringe that patent when they are manufactured, used, imported, sold, or offered for sale. Yet Curt has continued to sell the Infringing Hitches. Upon information and belief, Curt knew about the '863 patent prior to this lawsuit at least because Curt and Cequent are head-to-head competitors in the hitch product industry and, upon information and belief, Curt has been monitoring Cequent's products, its marketing, and related patent activities, so that Curt was undoubtedly aware of Cequent's fifth wheel hitch products, which are

marked with the '863 patent in accordance with 35 U.S.C. § 287(a), and the March 14, 2017 issuance of the '863 patent that covers those products.

48. Each of the Infringing Hitches' only commercial use is as a fifth wheel hitch device.

49. Any use of the Infringing Hitches as a fifth wheel hitch device is an act of direct infringement of the '863 patent.

50. Because the sole intended use of the Infringing Hitches is an infringing use, the Infringing Hitches have no substantial non-infringing uses.

51. Curt has induced infringement of the '863 patent at least because, with knowledge of the '863 patent, it intentionally and actively induced end users of the Infringing Hitches (through instructions, videos, and otherwise) to use them in a manner that infringes the '863 patent with specific intent that they do so.

52. Curt has further induced infringement of the '863 patent at least by selling the Infringing Hitches to distributors, retailers, and other resellers with specific intent that they infringe the '863 patent by reselling the Infringing Hitches to others.

53.    Curt has contributed to infringement of the '863 patent at least by selling the Infringing Hitches, which have no substantial use other than an infringing use as a fifth wheel hitch device.

54.    Curt's infringements of the '863 patent were, and continue to be, willful and deliberate.

55.    Horizon has been damaged by Curt's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## **Prayer for Relief**

WHEREFORE, Horizon prays for judgment against Curt as follows:

(A)    A finding that Curt has directly infringed one or more claims of each of the Patents under 35 U.S.C. § 271(a).

(B)    A finding that Curt has induced infringement of one or more claims of each of the Patents under 35 U.S.C. § 271(b).

(C)    A finding that Curt has contributed to the infringement of one or more claims of each of the Patents under 35 U.S.C. § 271(c).

(D)    Preliminary and permanent injunctive relief enjoining Curt and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all

others aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or importing into the U.S. any device covered by any of the Patents; or (2) otherwise directly or indirectly infringing any of the Patents.

(E)     Compensatory damages under 35 U.S.C. § 284.

(F)     Treble damages under 35 U.S.C. § 284.

(G)     An order that Curt accounts to Horizon for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Horizon under 35 U.S.C. § 284.

(H)     Attorneys' fees under 35 U.S.C. § 285.

(I)     Pre-judgment and post-judgment interest.

(J)     Costs of the action.

(K)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated: June 13, 2017

   s/ David B. Cupar

| | |
|---|---|
| Timothy J. Lowe (P68669) | David B. Cupar (OH 0071622) |
| MCDONALD HOPKINS LLC | Matthew J. Cavanagh (OH 0079522) |
| 39533 Woodward Ave., Suite 318 | MCDONALD HOPKINS LLC |
| Bloomfield Hills, Michigan 48304 | 600 Superior Avenue, East, Ste. 2100 |
| t 248.646.5070 │ f 248.646.5075 | Cleveland, Ohio 44114 |
| tlowe@mcdonaldhopkins.com | t 216.348.5400 │ f 216.348.5474 |
| | dcupar@mcdonaldhopkins.com |
| | mcavanagh@mcdonaldhopkins.com |

*Counsel for Horizon Global Americas Inc.*

## **Jury Demand**

Plaintiff Horizon Global Americas Inc. hereby demands a jury trial for

all issues so triable.

  s/ David B. Cupar
*Counsel for*
*Horizon Global Americas Inc.*
