# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Horizon Global Americas Inc.,

      Plaintiff and Counter-Defendant,

   v.

CURT Manufacturing, LLC,

      Defendant and Counter-Plaintiff.

Case No. 2:17-cv-11879-AC-SDD

Hon. Avern Cohn

## CURT'S MOTION TO STAY IN PART
## PENDING *INTER PARTES* REVIEW

CURT Manufacturing, LLC ("CURT") moves to stay this action in part pending resolution of an *inter partes* review ("IPR") currently pending before the Patent Trial and Appeal Board.

Horizon presently asserts claims 1 and 64 of U.S. Patent No. 6,068,352 against CURT in this action.  (Dkt. No. 35.)  On January 27, 2019, CURT filed a petition for IPR of these asserted claims, and others, with the Patent Trial and Appeal Board. This proceeding was docketed as IPR2019-00625.

The outcome of the IPR proceeding could be dispositive of all issues involving the '352 patent in this case, and at the very least would likely inform, narrow, or resolve claim construction and other issues relating to the '352 patent.  Moreover, the case is in its early stages, with document production just beginning, no depositions taken or even scheduled, no claim construction order or even hearing set, and no trial date.  For these reasons, CURT respectfully requests that this Court stay the current proceedings with respect to Horizon's '352 patent.

Further support for this Motion is detailed in CURT's brief filed concurrently herewith, as well as the accompanying Declaration of J. Michael Huget.  A proposed order is also being submitted via the Court's Utilities function.

Dated: February 1, 2019                      Respectfully submitted,

                                              /s/ J. Michael Huget
                                              J. Michael Huget (P39150)
                                              Sarah E. Waidelich (P80225)
                                              Anthony P. Acciaioli (P82028)
                                            HONIGMAN LLP
                                            315 E. Eisenhower, Suite 100
                                            Ann Arbor, MI 48108
                                            (734) 418-4200
                                            mhuget@honigman.com
                                            swaidelich@honigman.com
                                            aacciaioli@honigman.com
                                            *Attorneys for CURT*

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Horizon Global Americas Inc.,

     Plaintiff and Counter-Defendant,

  v.

CURT Manufacturing, LLC,

     Defendant and Counter-Plaintiff.

Case No. 2:17-cv-11879-AC-SDD

Hon. Avern Cohn

## CURT'S BRIEF IN SUPPORT OF ITS MOTION TO STAY IN PART PENDING *INTER PARTES* REVIEW

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................1

II.     PROCEDURAL HISTORY ..........................................................................3

III.    THE '352 PATENT AND CURT'S PETITION FOR *INTER PARTES*
        REVIEW.....................................................................................................4

IV.     LEGAL STANDARD ..................................................................................5

V.      PRIOR LITIGATION INVOLVING THE '352 PATENT ...........................6

VI.     ARGUMENT................................................................................................7

        A.     Factor 1 Strongly Favors a Stay Because This Case Is at a Very
               Early Stage ........................................................................................7

        B.     Factor 2 Favors A Stay Because the IPR Proceeding May
               Simplify the Issues and Conserve the Resources of the Parties
               and the Court .....................................................................................9

        C.     Factor 3 Strongly Favors A Stay Because A Stay Will Not
               Cause Any Undue Prejudice or Tactical Disadvantage to
               Horizon...........................................................................................11

VII.    CONCLUSION...........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Automated Merch. Sys., Inc. v. Crane Co.*,
  357 F. App'x 297 (Fed. Cir. 2009) ....................................................5

*Broadcast Innovation, L.L.C. v. Charter Comms., Inc.*,
  420 F.3d 1364 (Fed. Cir. 2005) ......................................................11

*Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*,
  No. 13-cv-15293, 2015 WL 1510671 (E.D. Mich. Apr. 1, 2015) .............*passim*

*Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*,
  No. 13-cv-15293 (E.D. Mich.).................................................6, 8, 12

*Donnelly Corp. v. Guardian Indus. Corp.*,
  No. 05-74444, 2007 WL 3104794 (E.D. Mich. Oct. 22, 2007) ........................10

*Orbital Australia Pty v. Daimler AG*,
  No. 15-cv-12398, 2014 WL 5439774 (E.D. Mich. Sept. 15, 2015) ..................12

*Regents of Univ. of Mich. v. St. Jude Med., Inc.*,
  No. 12-12908, 2013 WL 2393340 (E.D. Mich. May 31, 2013) ........................11

*Service Solutions U.S., L.L.C. v. Autel. US Inc.*,
  No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015) ....................*passim*

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...........................................12

STATUTES

35 U.S.C. § 102(e) ................................................................5

35 U.S.C. § 103(a) ................................................................5

35 U.S.C. § 154 ..................................................................11

35 U.S.C. § 363 ..................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(f)(3) ................................................................2, 8

Rule 26(a)(1) ................................................................................2, 8

Rule 26(f) ........................................................................................8

## <u>COMPLIANCE WITH E.D. MICH. L.R. 7.1(a)</u>

The parties' counsel of record in this case conferred with one another pursuant to E.D. Mich. L.R. 7.1(a) before CURT filed this Motion. Counsel for CURT explained the nature of this Motion and its legal basis. Counsel for CURT requested, but did not obtain, Plaintiff Horizon's concurrence in the relief sought.

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

Should the Court stay this action with respect to Horizon's expired U.S. Patent No. 6,068,352 pending completion of the Patent Trial and Appeal Board's *inter partes* review of the '352 patent?

**CURT Answers: Yes.**

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

Pursuant to Local Rule 7.1(d)(2), CURT hereby states that the following cases are the controlling and most appropriate authority for the relief sought:

- *Service Solutions U.S., L.L.C. v. Autel. US Inc.*, No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015).

- *Regents of Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340 (E.D. Mich. May 31, 2013).

- *Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*, No. 13-cv-15293, 2015 WL 1510671 (E.D. Mich. Apr. 1, 2015).

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The Court should stay this case with respect to Horizon's expired U.S. Patent

No. 6,068,352 (the "'352 Patent").  On January 27, 2019, CURT filed a petition for

*inter partes* review of Claims 1, 64-67, and 70 of the '352 Patent.  This petition

challenges the only two claims—Claims 1 and 64—that Horizon is asserting against

CURT in this action.  The outcome of the IPR could dispose of the '352 Patent

entirely, without the need for a claim construction decision or fact or expert

discovery.  At the very least, the IPR could inform the claim construction of the '352

Patent and other disputed issues in this case and might narrow or resolve them.

Courts consider three factors when deciding whether to grant a stay: "(1)

whether discovery is complete and whether a trial date has been set; (2) whether a

stay will simplify the issues in question and trial of the case; and (3) whether a stay

would unduly prejudice or present a clear tactical disadvantage to the non-moving

party."  *See, e.g.*, *Service Solutions U.S., L.L.C. v. Autel. US Inc.*, No. 13-10534,

2015 WL 401009, at *2 (E.D. Mich. Jan. 28, 2015).

Here, all three factors strongly favor a stay of the case with respect to the '352

Patent.  First, this case is still in its infancy.  The parties just began document

production (indeed, Horizon did not produce a single document until January 18),

and no depositions have occurred or even been scheduled.  Moreover, the parties

have not even submitted a Fed. R. Civ. P. 26(f)(3) discovery plan or initial disclosures pursuant to Rule 26(a)(1).  The parties do not have a schedule for the close of fact or expert discovery, nor has a trial date been set.  Although the parties have completed the Court's claim construction briefing process, no hearing date has been set, and no order has issued.

Second, a stay may simplify the issues in question and at trial.  CURT's IPR petition challenges the only two claims of the '352 Patent asserted by Horizon in this litigation.  If the case with respect to the '352 Patent is stayed and the PTAB invalidates these two claims, the parties and the Court will avoid wasting substantial time and resources litigating issues with this patent.  But even if the PTAB does not invalidate the asserted claims, a claim construction by the PTAB could inform the proper construction in this case.

Finally, a stay would not cause Horizon any undue prejudice or put it at a tactical disadvantage.  Critically, *the '352 Patent expired on August 20, 2016*.  Yet Horizon did not assert the '352 Patent in this lawsuit until January 28, 2018—almost 18 months after the patent expired.  Because the '352 Patent has expired, Horizon has not, and cannot, seek an injunction, and if the '352 Patent survives the IPR and Horizon ultimately prevails in asserting it in this case, it would still be entitled to economic damages for the statutory period prior to expiration.

For these reasons, and as explained in more detail below, CURT respectfully requests that the Court partially stay this litigation with respect to the '352 Patent pending resolution of CURT's IPR challenge.

## II.   PROCEDURAL HISTORY

Horizon filed its original Complaint for patent infringement on June 13, 2017. (*See* Dkt. No. 1; Declaration of J. Michael Huget ("Huget Decl.") ¶ 5.)  The original Complaint asserted three mechanical patents relating to trailer hitch devices.  *See id.*  The '352 Patent—which relates to an electronic brake controller—was not included.  *See id.*  Horizon did not serve CURT with the original Complaint until November 27, 2017.  (*See* Dkt. No. 13.)

Horizon filed a First Amended Complaint on January 29, 2018.  (Dkt. No. 19.)  In the First Amended Complaint, Horizon added five additional patents, including the '352 Patent.  (*Id.*)  Horizon filed a Second Amended Complaint on March 9, 2018, but did not add any new patents.  (*See* Dkt. No. 24.)  On April 26, 2018, the Court stayed the litigation pending the outcome of mediation.  (*See* Dkt. No. 26; Huget Decl. ¶ 8.)  The parties participated in mediation on June 11, 2018, but were unable to resolve the dispute.  (*See* Huget Decl. ¶ 9.)

Following the parties' failed mediation, the Court set a scheduling conference for July 31, 2018.  (*See* Huget Decl. ¶ 10.)  After the conference, the Court issued a schedule and guidelines for its preferred claim construction process.  (Dkt. No. 30.)

On August 31, 2018, Horizon designated the paradigm patent claims it would assert in this litigation, identifying Claims 1 and 64 of the '352 Patent.  (Dkt. No. 35.)

The Court held a technology tutorial on September 18, 2018.  (Huget Decl. ¶ 12.)  During the technology tutorial, the Court inquired as to whether either of the parties would be filing petitions for IPR.  (*Id.*)  The Court ordered that the parties inform it within one month if they intended to do so.  (*Id.*)

Consistent with the Court's Order, on October 18, 2018, CURT notified the Court of its intention to file a petition for IPR of the '352 Patent.  (*See* Dkt. No. 41.)  On December 7, 2018, the Court appointed a Special Master for the *Markman* proceeding in this case.  (Dkt. No. 50.)  The parties proceeded with claim construction briefing, which concluded on January 18, 2019.  (*See* Dkt. Nos. 42, 49, 51-54.)  To date, the Special Master has not yet set a date for a *Markman* hearing or issued a *Markman* order.  (Huget Decl. ¶ 23.)

On January 27, 2019, CURT timely filed a petition for IPR of the '352 Patent, which was docketed as IPR2019-00625.  (*See* Huget Decl. ¶¶ 14, 24; Ex. A[1].)

## III.   THE '352 PATENT AND CURT'S PETITION FOR *INTER PARTES* REVIEW

The '352 Patent, entitled, "Microprocessor-based control for trailer brakes," is directed to an electronic brake controller for controlling the brakes of a towed

---

[1] The cited exhibits are attached to the Declaration of J. Michael Huget.

vehicle in response to commands from a towing vehicle.  (Ex. B, '352 Patent, 1:5–6.)   The petition for IPR challenges Claims 1, 64–67, and 70 on two grounds.  (*See* Huget Decl. ¶ 24; Ex. A.)   Ground 1 demonstrates that Claims 64–67 and 70 of the '352 Patent are invalid as anticipated under Pre-AIA 35 U.S.C. § 102(e) by U.S. Patent No. 5,620,236 (*McGrath*).  (*Id.*; Ex. A at 23-40.)  Ground 2 demonstrates that Claim 1 of the '352 Patent is invalid as obvious under Pre-AIA 35 U.S.C. § 103(a) over *McGrath* in view of U.S. Patent No. 5,149,176 (*Eccleston*).  (*Id.*; Ex. A at 40-67.)

## IV.   LEGAL STANDARD

"Courts have 'broad discretion to determine whether a stay is appropriate' pending *inter partes* review."  *Service Solutions U.S., L.L.C. v. Autel. US Inc.*, No. 13-10534, 2015 WL 401009, at *1 (E.D. Mich. Jan. 28, 2015) (quoting *Regents of Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013)); *see also Automated Merch. Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 303 (Fed. Cir. Dec. 16, 2009).  Courts in this District have recognized the "liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO reexaminations or reissuance proceedings."  *Service Solutions*, 2015 WL 401009, at *1 (quotation omitted).

"Courts consider three factors in determining whether to grant a stay: (1) whether discovery is complete and whether a trial date has been set [Factor 1]; (2)

whether a stay will simplify the issues in question and trial of the case [Factor 2];

and (3) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party [Factor 3]." *See, e.g.*, *id.* at *2 (quoting

*Regents of Univ. of Mich.*, 2013 WL 2393340, at *2 (granting motion to stay pending

IPR)).

## V.  PRIOR LITIGATION INVOLVING THE '352 PATENT

Horizon (formerly Cequent Performance Products, Inc.) previously sued

Hopkins Manufacturing Corporation in this District for infringement of the '352

Patent, among others. *See Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*,

No. 13-cv-15293 (E.D. Mich.) ("*Hopkins* Litigation").   The *Hopkins* Litigation

followed a similar procedural path to the present one: the case initially proceeded

slowly and was stayed so the parties could pursue mediation.   *See Cequent*

*Performance Prods., Inc. v. Hopkins Mfg. Corp.*, No. 13-cv-15293, 2015 WL

1510671, at *1 (E.D. Mich. Apr. 1, 2015).   When mediation failed, the court lifted

the stay.   *Id.*   Hopkins then prepared IPR petitions against the '352 Patent and the

other two patents in the case.   *Id.*   After filing the IPR petitions on January 23, 2015,

Hopkins filed a motion to stay the district court litigation on February 10, 2015.   *Id.*

On April 1, 2015, the court granted Hopkins' motion to stay.   *Id.*   Even though

the court had set a case schedule, including dates for the close of discovery and trial,

the court still found that Factor 1 favored a stay, as the parties had many months of

6

fact discovery remaining; had not even begun expert discovery; had not taken or even noticed any depositions; had not conducted a *Markman* hearing; and were not scheduled for trial for more than a year.  *Id.* at *2.

The court held that Factor 2 likewise favored a stay, because the IPRs could "eliminate the need for discovery, *Markman* proceedings, and trial on any cancelled claims.  Moreover, the Board's expert analysis on any surviving claims may provide guidance to the Court and could simplify the issues in this case." *Id.* at *3.  Although all three asserted patents were challenged in IPRs in that case, the court specifically noted that "an IPR review need not dispose of a case completely to simplify the issues of a case" under Factor 2.  *Id.* at *2 (quoting *Service Solutions*, 2015 WL 401009, at *3).

Finally, the court held that Factor 3 also favored a stay, as there was no undue prejudice or tactical disadvantage to Cequent (Horizon).  The court noted that Cequent's delay in filing the lawsuit (when all of the patents issued between 2000 and 2002) cut against any argument that the additional delay would prejudice it, and that a stay would not present a clear tactical disadvantage to Cequent.  *Id.* at *3.

## VI.   ARGUMENT

### A.   Factor 1 Strongly Favors a Stay Because This Case Is at a Very Early Stage

The first factor—whether discovery is complete and whether a trial date has been set—strongly favors a stay.  The vast majority of the parties' discovery

7

activities are not only *not* complete, ***they have not even started***.  For example, the parties have not conferred pursuant to Rule 26(f), nor have they submitted a discovery plan pursuant to Rule 26(f)(3).  (Huget Decl. ¶ 15.)  They have not exchanged initial disclosures under Rule 26(a)(1).  (Huget Decl. ¶ 16.)  No depositions have occurred or even been noticed.  (Huget Decl. ¶ 21.)  There are no deadlines for the close of fact or expert discovery, nor has a trial date been set. (Huget Decl. ¶ 22.)  Just two weeks ago, Horizon made its first document production, which is far from complete.  (Huget Decl. ¶¶ 19-20.)  Factor 1 thus strongly favors a stay.  *See, e.g.*, *Service Solutions*, 2015 WL 401009, at *2 (finding that this factor favors a stay where "[d]iscovery has not begun and there is no scheduling order in place, much less a trial date").  In fact, in most ways this case is far less advanced than the *Hopkins* Litigation, where the court found Factor 1 favored a stay.  *See Cequent Performance Prods.*, 2015 WL 1510671, at *2; *see also supra* Section V.

Although the parties have completed the claim construction briefing process, this cannot overcome the simple fact that the vast majority of discovery in this case has not even started, much less finished.  Indeed, although the briefing process is complete, no claim construction hearing date has been set, nor has a claim construction order issued.  (Huget Decl. ¶ 23.)

8

Discovery in this case is in its infancy.  Document production has just begun, no depositions have occurred or even been noticed, and there is not even a case schedule or a trial date.  Factor 1 thus strongly favors a stay.

**B.      Factor 2 Favors A Stay Because the IPR Proceeding May Simplify the Issues and Conserve the Resources of the Parties and the Court**

The second factor—whether a stay will simplify the issues in question and the trial—also favors a stay.  CURT's IPR petition challenges Claims 1 and 64 of the '352 patent, the two claims asserted by Horizon in this lawsuit.[2]  (*See* Dkt. No. 35 (Horizon's designation of paradigm patent claims); Ex. A.)  A stay pending IPR could avoid potentially wasteful discovery if the only two asserted claims of the '352 Patent are found invalid.  *See, e.g.*, *Service Solutions*, 2015 WL 401009, at *3.  And even if the '352 Patent survives the IPR, the Court and the parties will benefit from the PTAB's expertise in determining the parties' claims regarding the patent.  *Id.*; *see also Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 WL 3104794, at *4 (E.D. Mich. Oct. 22, 2007).

Nor is a stay inappropriate because the '352 Patent—and not the other four patents Horizon is presently asserting—is the only patent subject to an IPR challenge.  (*See* Dkt. No. 35.)  Indeed, this exact argument has already been considered—and rejected—by this district.  In *Service Solutions*, the court heard a

---

[2] In addition, CURT's IPR petition also challenges Claims 65-67 and 70, which are not asserted by Horizon in this matter.

motion to stay the entirety of the district court litigation (concerning seven patents) where only one of those patents was challenged in an IPR. *Id.* at *1-3. The patent owner argued that a stay was not justified under Factor 2 because the IPR process involved only one of the seven patents and, therefore, a stay would not simplify the issues. *Id.* at *2. The court rejected this argument, stating:

> [T]he Court is not convinced that a stay is inappropriate merely because only one patent is under review. Though a stay would have greater potential to simplify the issues if all seven patents were involved in the IPR proceeding, this does not mean that a more limited review would not help simplify the case. . . . ***Indeed, an IPR review need not dispose of a case completely to simplify the issues of a case***. *Donnelly*, No. 05-74444, 2007 WL 3104794, at *5 (finding that reexamination need not moot the entire litigation). Here, a stay pending the IPR would avoid potentially wasteful discovery while narrowing the claims and defenses in the case. For these reasons, the Court finds that a stay will simplify the case.

*Id.* at *3 (emphasis added); *see also Cequent Performance Prods.,* 2015 WL 1510671, at *2.

The same is true here. A stay pending IPR of the '352 Patent would similarly avoid potentially wasteful discovery while narrowing the claims and defenses. And CURT is not even seeking a complete stay of the case, as was granted by the court in *Service Solutions*; instead, CURT seeks only that discovery and any potential trial with respect to the '352 Patent be stayed, while the remainder of the case proceeds.

In sum, staying this case with respect to the '352 Patent pending the PTAB's consideration of CURT's petition for IPR will ensure that the parties and the Court

do not waste resources on litigation and discovery matters that may ultimately be rendered moot.  It will also simplify the litigation and provide guidance for the Court. Factor 2 thus also weighs in favor of a stay.

### C. Factor 3 Strongly Favors A Stay Because A Stay Will Not Cause Any Undue Prejudice or Tactical Disadvantage to Horizon

The third factor the Court should consider—undue prejudice or tactical disadvantage to Horizon—also overwhelmingly favors a stay.  *See, e.g.*, *Service Solutions*, 2015 WL 401009, at *2; *Regents of Univ. of Michigan*, 2013 WL 2393340, at *2; *Cequent Performance Prods., Inc.*, 2015 WL 1510671, at *3.

First, the '352 Patent expired on August 20, 2016.[3]  Because the '352 Patent has expired—and indeed, expired almost eighteen months before Horizon ever asserted it in this lawsuit—Horizon cannot seek injunctive relief and is limited to monetary damages.  *See, e.g.*, *Orbital Australia Pty v. Daimler AG*, No. 15-cv-12398, 2014 WL 5439774, at *3 (E.D. Mich. Sept. 15, 2015) ("Plaintiffs are barred from seeking injunctive relief as to the expired [] patents.").  A stay of this case with

---

[3] A U.S. patent expires twenty (20) years from the date on which the application for the patent was filed.  35 U.S.C. § 154.  When a patent application is filed internationally pursuant to the Patent Cooperation Treaty ("PCT") and designates the United States, its PCT filing date is the date used for determining its expiration in the United States.  *See Broadcast Innovation, L.L.C. v. Charter Comms., Inc.*, 420 F.3d 1364, 1368 (Fed. Cir. 2005) ("[U]nder 35 U.S.C. § 363, the international filing date of a PCT application is also the U.S. filing date for the corresponding national stage application."); *see also* 35 U.S.C. § 363.  Because the '352 Patent lists a PCT application filing date of August 20, 1996, it expired 20 years from that date: August 20, 2016.  *See* Ex. B.

respect to the '352 Patent would therefore only delay Horizon's collection of potential monetary damages, which is not undue prejudice.  *See, e.g.*, *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013) ("Mere delay in the litigation does not establish undue prejudice.").

Horizon's own lack of urgency in attempting to assert the '352 Patent against CURT confirms that a stay will not unduly prejudice it or subject it to a tactical disadvantage.  The '352 Patent issued on May 30, 2000.  (*See* Ex. B.)  Yet Horizon waited almost **eighteen years** after the '352 Patent issued to sue CURT for alleged infringement of it.  (*See* Huget Decl. ¶ 7; Dkt. No. 19.)  Indeed, the facts in favor of a stay here are even more pronounced than in the *Hopkins* Litigation, where the court held a thirteen-year delay in filing suit and the availability of economic damages weighed in favor of a stay.  *See Cequent Performance Prods.*, 2015 WL 1510671, at *1, 3 (noting that the patents issued between 2000 and 2002, yet the complaint was not filed until December 31, 2013).

In light of Horizon's long delay in asserting the patent, and the fact that it will only ever be entitled to economic damages should it prevail, a stay of the case with respect to the '352 Patent will not unduly prejudice Horizon or subject it to a tactical disadvantage.  Factor 3 strongly favors a stay.

## VII.  CONCLUSION

Because all three factors strongly favor a stay of this case with respect to the

'352 Patent, CURT respectfully requests that this Court partially stay this case

pending resolution of CURT's IPR challenge.

Dated: February 1, 2019                          Respectfully submitted,

                                                 /s/ J. Michael Huget
                                                 J. Michael Huget (P39150)
                                                 Sarah E. Waidelich (P80225)
                                                 Anthony P. Acciaioli (P82028)
                                                 HONIGMAN LLP
                                                 315 E. Eisenhower, Suite 100
                                                 Ann Arbor, MI 48108
                                                 (734) 418-4200
                                                 mhuget@honigman.com
                                                 swaidelich@honigman.com
                                                 aacciaioli@honigman.com
                                                 *Attorneys for CURT*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 1, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

/s/ J. Michael Huget
J. Michael Huget (P39150)
Sarah E. Waidelich (P80225)
Anthony P. Acciaioli (P82028)
HONIGMAN LLP
315 E. Eisenhower, Suite 100
Ann Arbor, MI 48108
(734) 418-4200
mhuget@honigman.com
swaidelich@honigman.com
aacciaioli@honigman.com
*Attorneys for CURT*

14