UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HORIZON GLOBAL AMERICAS INC. | |
| Plaintiff, | Case No. 2:17-cv-11879 |
| v. | Honorable Judge Denise Page Hood |
| CURT MANUFACTURING, LLC, | Magistrate Judge R. Steven Whalen |
| Defendant. | |

## HORIZON'S MOTION TO COMPEL

In accordance with Federal Rule of Civil Procedure 37 and Local Rules 37.1 and 37.2, Plaintiff Horizon Global Americas Inc. ("Horizon") moves to compel Defendant Curt Manufacturing, LLC ("Curt") to provide complete and non-evasive answers to interrogatories number 2 and number 24 (the "Interrogatories"), to compel production of source code, and, to compel Curt to provide produce documents by a definite date or representations that there are no responsive documents. The reasons for granting this motion are more fully explained in the attached memorandum, which is incorporated here by reference.

{8616833:8}                                                    1

## Memorandum of Law

### I. The Interrogatory and Request for Production At Issue

Pursuant to Local Rule 37.2, the Interrogatories and Requests for Production at issue in this motion are provided in their entirety in Exhibit A. Copies of the Interrogatories and Requests for Production as served, including the answers and responses of Curt, are also attached as Exhibits B, C, E, and G.

### II. Background

Horizon served Curt with its First Set of Interrogatories and Requests for Production on September 4, 2018. Over the next year and a half, Horizon made numerous attempts to informally make Curt meet its discovery obligations. Curt has refused to do so for many of the interrogators and requests for production. At issue in this motion are Interrogatories 2 and 24, and Requests for Production 2, 3, 4, 5, 6, 8, 9, 10, 13, 14, 15, 16, 19, 20, 25, 26, and 28.

#### A. Interrogatories

On September 4, 2018, Horizon served Curt with its First Set of Interrogatories, numbered 1-24, and its First Set of Requests for Production. Curt served its responses to both 30 days later, on October 4, 2018. (Attached

as Exhibits B and C, respectively). For every one of the Interrogatories Curt answered solely with objections and no substantive or responsive information. Horizon responded with a deficiency letter demanding that Curt meet its obligations under Rule 33. *See* Exhibit D. Following a meet and confer conference on October 19, 2018, Curt agreed to supplement.

On November 16, 2018, Curt served its First Supplemental Responses to the Interrogatories. (First Supplemental Responses, attached as Exhibit E.) Interrogatory Number 2 required the Curt identify "each Person who provided any effort or assistance in conceiving, developing, creating, designing, planning, and engineering each of the Accused Products and Covered Products" and to "describe specifically what effort or assistance was provided by that Person." Curt responded by providing the names of three individuals and the associated six product categories related to the Accused Products for which they were the "most knowledgeable." (*Id.*) This answer, however, did not address key details requested by the interrogatory, including (1) all People with knowledge, and (2) what effort or assistant each person provided. Instead, Curt identified witnesses it deemed "most knowledgeable" for each product category, without identifying what their specific roles were.

Horizon again sought to informally resolve this deficiency in March and April of 2019 with a letter and subsequent meet and confer. (Mar. 29, 2019 Deficiency Letter to Curt, attached as Exhibit F.) During the meet and confer, Horizon identified that Curt supplying the names of all people involved and the effort or assistant each person provided would allow Horizon to depose the appropriate persons who have knowledge of the facts supporting Horizon's claims and refuting Curt's defenses. Curt did not dispute this fact.

On May 15, 2019, Curt provided Second Supplemental Responses to Horizon's Interrogatories that did not cure any of the deficiencies of Interrogatory Number 2. (Second Supplemental Responses, attached as Exhibit G.) In the Second Supplemental Responses, Curt merely added three more witnesses that it identified as "most knowledgeable about the Accused Products." Again, Curt failed to meet its obligation to completely answer the interrogatory. (*Id.* at Interrogatory No. 2.)

Interrogatory Number 24, required Curt to, "[d]escribe all of the facts—including (without limitation) identifying all prior art, Documents, products, or things—that support, refute, or otherwise concern the

affirmative defenses set forth in Your answer." In its First Supplemental Responses Curt responded as follows:

> Curt specifically objects that this Interrogatory is overly broad. Curt further objects that this Interrogatory is premature to the extent it seeks information more properly called for during expert discovery.
>
> Subject to its objections, Curt incorporates its responses to Interrogatory Nos. 12-15 and No. 17 in response to this Interrogatory.
>
> Curt reserves the right to supplement this Response as it obtains additional information through discovery in this case.

(First Supplemental Response at Interrogatory No. 24.) The interrogatories referred to do not address the vast majority of the affirmative defenses of which it asserts in its answer to the complaint.

Horizon again attempted to make Curt meet its obligations to answer this interrogatory as identified in the November 29, 2019 letter, and during a telephone meeting. Curt has refused to supplement Interrogatory No. 24 beyond what it has already done.

Following these responses, the parties again exchanged correspondence and held a meet and confer to discuss ways in which the Interrogatories might be limited. (Nov. 29, 2019 Letter to Curt, attached as

Exhibit H and Dec. 20, 2019 Curt Response Letter, Attached as Exhibit I.) For Interrogatory No. 2, Horizon proposed limiting the individuals to be identified to those most knowledgeable about the following categories for the Accused Products and Covered Products: Sale, Marketing, Engineering and Development, Product Clearance, Accounting, and Customers. On January 10, 2020, Curt indicated that it would not be supplementing its response or providing any of the details requested. (Curt Letter dated January 10, 2020, attached as Exhibit J.) Instead, Curt proposed that Horizon simply notice Curt for a Rule 30(b)(6) deposition for the various products so that one person could be educated and prepared to answer questions regarding the products. (*Id.*)

### B. Requests for Production

Request for Production Number 2 required Curt to produce source code for its brake controllers and signal converters. Horizon requires the source code because it is strong evidence of Curt's infringement of U.S. Patent Number 6,068,352 (the "'352 patent") and U.S. Patent Number 8,179,142 (the "'142 patent."). Curt has refused to provide the source code requested, stating that the current protective order was not sufficient to protect its secrecy. (*Id.*) Instead, Curt proposes to only make the source code

"available for inspection at a mutually agreeable time and location." (*Id.*) The source code would only be "available on a stand-alone computer without access to the internet" and would be "limited to outside counsel for Horizon and outside consultants or experts...." (*Id.*) Curt then stated that it would propose a "fulsome source code protective order." (*Id.*) Curt has not done so.

In addition to the above, Horizon also notified Curt that it failed to meet its obligation to produce documents responsive to Requests for Production Numbers 2, 3, 4, 5, 6, 8, 9, 10, 13, 14, 15, 16, 19, 20, 25, 26, and 28. Over the course of the year and a half since the Requests for Production have been served, Curt has yet to produce many of the documents it represents will be produced. Shockingly, Curt had not even searched for any emails as of the parties' January 6, 2020 meet and confer. Further, while Curt claims to be working on productions responsive to the request, it refuses to provide any date by which it anticipates production of those documents.

Horizon moves to compel responses to Interrogatories Numbers 2 and 24 as well as Requests for Production Numbers 2, 3, 4, 5, 6, 8, 9, 10, 13, 14, 15, 16, 19, 20, 25, 26, and 28.

## II. Argument

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). A party may move to compel a nonresponsive party to answer an interrogatory submitted under Rule 33 or to produce a document in response to a request for production under Rule 34. *See* Fed. R. Civ. P. 37(3)(B). Both Rule 33 and 34 permit interrogatories and requests for production within the scope of Rule 26(b). Fed. R. Civ. P. 33(a) and 34(a). Interrogatory Numbers 2 and 24 as well as Requests for Production Numbers 2, 3, 4, 5, 6, 8, 9, 10, 13, 14, 15, 16, 19, 20, 25, 26, and 28. fall well within that scope and are proportional to the needs of the case. Therefore, as detailed below, this Court should compel Curt to fully answer and respond.

### A. Curt Should Fully Answer Interrogatory No. 2.

Interrogatory No. 2, in its original form, and with the limitations as proposed by Horizon, is relevant and proportional to the needs of the case. Therefore, the Court should compel to provide a complete responsive answer.

An interrogatory seeking to identify individuals with knowledge relevant to a claim or defense is properly within the scope of Rules 26(b)(1) and 33. *See, e.g.*, *Daneshvar v. Kipke*, No. 13-CV-13096, 2015 WL 13037137, at *1 (E.D. Mich. May 6, 2015) (compelling party to fully answer interrogatories regarding, among other details related to a disputed invention, the identities of co-inventors); *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 560-61 (N.D. Tex. 2010) (ordering a defendant to identify "all persons" with knowledge related to requested relevant information or responsible for licensing programs at issue in the case); *Whyte v. Alston Mgmt., Inc.,* No. 10-81041-CIV, 2011 WL 13107428, at **3-6 (S.D. Fla. July 27, 2011) (compelling a defendant to answer various interrogatories seeking the identification of potential witnesses and to provide descriptions related to various claims and defenses).

This is a patent infringement case and, thus, background regarding the conception, development, creation, design, plans, and engineering of the Accused Products and Covered Products is essential to establishing a case for infringement, damages, or understanding potential defenses related to non-infringement. Interrogatory No. 2 is intended to provide Horizon with that

background as it relates to individuals who played a role in that background for the Accused and Covered Products.

Specifically, Horizon seeks to understand the roles and knowledge of individuals at Curt related to conceiving, developing, creating, designing, planning, engineering each of the Accused Products and Covered Products. Curt has objected to the Interrogatory as overly broad and not proportional to the needs of the case, without providing any further detail.

In an effort to compromise and clarify exactly what information is being sought, Horizon proposed that Curt identify individuals most knowledgeable in six categories as they related to the Accused Products and Covered Products: Sales, Marketing, Engineering and Development, Product Clearance, Accounting, and Customers. Curt refused, stating that its preferred procedure would be for Horizon to notice a Rule 30(b)(6) deposition of Curt on those topics. Curt cites no authority which would allow it to force Horizon to choose between discovery under Rule 30(b)(6) or Rules 26(b)(1) and 33. Nor can Curt use Rule 30(b)(6) to dictate which persons Horizon can depose or to avoid its obligations under Rule 26(b)(1). Horizon is entitled to discovery under Rules 26(b)(1) and 33, and Rule 30(b)(6).

In addition to being contrary to the Rules, Curt's proposal is a less efficient avenue. Should Horizon follow this procedure and notice a deposition, Curt would need to identify those individuals in order to properly educate a witness. It certainly would need to identify and review key documents from those individuals in order to prepare witnesses. From Horizon's perspective, preparing for a 30(b)(6) deposition would likewise be more efficient if it knew the identities of those most knowledgeable regarding the various aspects of the Accused Products and Covered Products.

Accordingly, instead of that process, Curt should simply do what it is required to do under Rule 33 and answer the Interrogatory, as limited by Horizon to include only those six categories, fully and to the best of its knowledge. Thus, because the Interrogatory, as narrowed by Horizon, seeks relevant information proportional to the needs of the case the Court should compel Curt to provide an answer.

> **B.  Curt should answer Interrogatory No. 24 with the facts of which it is aware.**

Interrogatory No. 24 is referred to as a "contention interrogatory" and requests Curt to provide all factual bases known to it supporting its

affirmative defenses. Such an interrogatory is a "perfectly permissible form of discovery, to which a response ordinarily would be required." *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 (6th Cir. 1998).

Specifically, "contention interrogatories" "serve legitimate and useful purposes, such as ferreting out unsupportable claims, narrowing the focus and extent of discovery, and clarifying the issues for trial." *In re Dow Corning Corp.*, No. 95-CV-20512-DT, 2010 WL 3927728, at *12 (E.D. Mich. June 15, 2010). While Rule 33 allows courts to order that such interrogatories need not be answered until discovery is complete, many courts have compelled answers to the extent known at the time, but have acknowledged that supplementation may be necessary as discovery proceeds. *See, e.g., United States v. Blue Cross Blue Shield of Michigan*, No. CV 10-14155, 2012 WL 12930840, at *5 (E.D. Mich. May 30, 2012) (compelling a party to answer a contention interrogatory regarding the basis for an affirmative defense, stating that if the party "finds that it cannot answer certain parts of the interrogatory, …, it must state so, but that is not a reason to not answer the parts of the interrogatory that it can answer.")

In this case, Curt has asserted eleven affirmative defenses. Horizon acknowledges that Curt may not have complete information regarding all of

the eleven defenses, but by the same token, it is implausible that it has no knowledge of any facts in its possession to support its affirmative defenses, by way of examples, that: Horizon's complaint fails to state a claim upon which relief can be granted (First Defense); the '583, '713, and '863 patents are "unenforceable because of estoppel, laches or other equitable doctrines" (Fifth Defense); Horizon's claims are barred in whole or in part due to Horizon's "failure to mitigate damages, if any" (Seventh Defense); or Horizon's claims are barred "in whole or in part" by the doctrine of unclean hands (Eighth Defense). If Curt has no such information at this stage it should be compelled to state as much. If it has information, it should also be compelled to state those facts in order for Horizon to prepare for depositions and complete discovery.

Thus, because compelling Curt to answer as to what facts it has to support its affirmative defenses would "serve legitimate and useful purposes, such as ferreting out unsupportable claims, narrowing the focus and extent of discovery, and clarifying the issues for trial," *Dow*, 2010 WL 3927728, at *12, it should be compelled to answer Interrogatory 24 to the best of its ability at this time. If it has no facts at this time it can state as much and supplement as those facts become known to it.

### C. The Protective Order is Sufficient to Protect Curt's Source Code and Curt Should Produce it in response to Request for Production No. 2.

Curt should be compelled to produce the source code because the Protective Order's Attorneys Eyes Only provision provides sufficient protection.

Request for Production No. 2 requests "[a]ll Documents and tangible things that describe, refer to, concern, reflect, constitute, or evidence the conception, configuration, or structure of any Accused Product or Covered Product, including ... source code ...." Curt has acknowledge that the source code in its possession related to the Accused Product or Covered Product is relevant and discoverable but has not, to date, produced the code because it argues that the Protective Order currently in place (ECF #40) is insufficient to protect it, without detailing exactly why that is the case.

Instead, Curt proposed a solution where the source code would only be "available on a stand-alone computer without access to the internet" and would be "limited to outside counsel for Horizon and outside consultants or experts...." Horizon does not contend that the source code should not be designated as Attorneys Eyes Only at this time. The dispute, thus, is whether Curt should be compelled to provide the source code in a format in which

its' outside counsel, experts, and consultants can review the code outside of a limited period of time at a site of Curt's choosing.

The Protective Order (the "Order") in place currently allows parties to designate documents, including those containing trade secrets or "other highly sensitive business…information" as "Attorneys Eyes Only." (ECF #40.) The Order states that any documents so designated "shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and or any appeal thereof." (*Id.*) Further, the Order significantly limits who can review such documents, including outside counsel of record and "Independent Experts," defined as independent consultants, investigators, and experts. (*Id.*) Any person who is a current employee of a party or of a party's competitor cannot qualify as an Independent Expert. (*Id.*) The right of any such expert to receive any Attorneys Eyes Only document is subject to the advance approval by the producing party or the Court and such expert is required to execute a copy of the Acknowledgement of Understanding and Agreement to Be Bound, attached as Attachment A to the Protective Order. (*Id.*) The Acknowledgement specifically states that any violation of the Order may result in penalties for contempt of court. (*Id.*)

This protection is in line with the protections that other courts have afforded for the production of source code. *See, e.g., Entrust Datacard Corp. v. Zeiser GmbH*, No. 3:17-CV-110-J-39MCR, 2019 WL 7423519, at *6 (M.D. Fla. Mar. 26, 2019)(rejecting defendants' request to require the plaintiff's expert to view the source code at the defendants' counsel's office and compelling disclosure directly to plaintiff's outside expert); *MVS Studio Inc. v. Bingo Bean, LLC*, CV 10-07675 JHN SSX, 2011 WL 10538669, at *1 (C.D. Cal. June 24, 2011) (compelling production of source code subject to the parties entering into a protective order limiting access to "only those individuals [other than the competitor party] for whom access ... is essential in order to litigate [the] claims" and creating penalties sufficient to deter violations).

Here, Horizon does not dispute that at this time an Attorneys Eyes Only designation is completely appropriate, necessarily limiting who may access the source code. Further, Horizon's outside counsel is aware of the consequences, up to dismissal of the action, from any violation of the Order and shall inform any Independent Experts retained of the same. Accordingly, the Order, as it is, protects the source code from disclosure outside of what is completely necessary to litigate the case and the Court should compel its production.

### D. Curt should provide a timeline for production, as required by Rule 34.

As required by Rule 34, Curt should be compelled to provide a timeline for production of documents. Curt's production of documents in response to Requests for Production Nos. 2, 3, 4, 5, 6, 8, 9, 10, 13, 14, 15, 16, 19, 20, 25, 26, and 28 is outstanding. There have been very few, if any, emails produced responsive to these requests, with Curt representing in the parties' last meet and confer that it has yet to search for any emails. Moreover, Curt is unwilling to provide a timeline for when these documents will be produced, at most promising that these documents will be forthcoming in the "coming weeks."

Under the 2015 revisions to Federal Rule 34, simply stating that responsive documents will be produced sometime in the future does not comply with the rule. Instead, the responding party must complete the document production either by the time specified in the request (here, within 30 days of service, see Ex. C), or "another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B); *see also Sobol v. Imprimis Pharm.*, No. CV 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017)(detailing the 2015 changes to Rule 34, rejecting a party's "rolling basis" for production,

and compelling production within a specified timeframe); *Qualcomm Inc. v. Apple, Inc.*, No. 17cv1375-DMS-MDD, 2019 WL 585352, at *1-2 (S.D. Cal. Feb. 13, 2019) (reprimanding party that had not specified a reasonable time by which it would produce responsive documents and compelling party to complete document production within 14 days of order compelling discovery).

It has been around a year and a half since the First Requests for Production of Documents were served on September 4, 2018. Curt did not produce its documents within 30 days nor has it produced documents at "another reasonable time specified in the response." Therefore, the Court should compel Curt to provide such a date to complete its production of responsive documents.

### III. Conclusion

For the foregoing reasons Curt should be compelled to answer or respond to the discovery requests as outlined above.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  February 25, 2020 |  s/ David B. Cupar |

David B. Cupar
Matthew J. Cavanagh
Mark Guinto
MCDONALD HOPKINS LLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
t 248.220.1352 │ f 248.646.5075
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
mguinto@mcdonaldhopkins.com

*Counsel for*
*Horizon Global Americas Inc.*