**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HORIZON GLOBAL AMERICAS INC.,

    Plaintiff/Counter-Defendant,

v.                                               Case No. 17-11879
                                                         Honorable Denise Page Hood

CURT MANUFACTURING, LLC,

    Defendant/Counter-Plaintiff.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO GRANT DEFENDANT/COUNTER-PLAINTIFF'S
MOTION TO STAY IN PART PENDING
*INTER PARTES* REVIEW [ECF No. 56]**

**I. INTRODUCTION**

This is a patent case originally assigned to U.S. District Judge Avern Cohn. On January 2, 2020, it was reassigned from U.S. District Judge Avern Cohn to U.S. District Judge Denise Page Hood pursuant to Administrative Order 20-ao-003. Presently before the Court is Special Master Christopher G. Darrow's Report and Recommendation dated December 14, 2019 (the "R&R") [ECF No. 74] related to Defendant/Counter-Plaintiff Curt Manufacturing, LLC's ("Curt") Motion to Stay In Part Pending *Inter Partes* Review [ECF No. 56]. The Special Master recommends that the Court grant the motion to stay proceedings related to U.S. Patent No.

6,068,352 ("the '352 Patent"), one of ten patents in dispute.[1] Plaintiff/Counter-Defendant Horizon Global Americas Inc. ("Horizon") has filed objections to the R&R [ECF No. 78]. Curt has filed a response to Horizon's objections. [ECF No. 81]

## II. ANALYSIS

Fed. R. Civ. P. 53 states the appropriate standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule 53(f)(3) provides as follows:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
> (A) the findings will be reviewed for clear error; or
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

*See also Hochstein v. Microsoft Corp.*, 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), aff'd 430 F. App'x 898 (Fed. Cir. 2011) ("The Court reviews de novo factual findings and legal conclusions of the Special Master to which a specific objection has been

---

[1] To more narrowly focus the case, Judge Cohn directed each party to designate paradigm patents (five for Horizon and one for Curt) and paradigm claims. Horizon's paradigm patents included the '352 Patent. Judge Cohn stayed proceedings on the remaining non-paradigm patents and non-paradigm claims. *See* ECF No. 35.

2

made. See Fed. R. Civ. P. 53(f)). The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

District courts "have the broad discretion to determine whether a stay is appropriate" pending the institution of an *inter partes* review ("IPR") proceeding. *Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*, 2015 WL 1510671, at *1 (E.D. Mich. Apr. 1, 2015)(citation omitted). A court considers three factors in deciding whether to stay an action pending the institution of an IPR: (1) the stage of the litigation, (2) whether the stay will simplify the issues or present a clear tactical disadvantage to the nonmoving party, and (3) whether a stay would unduly prejudice the nonmoving party. *See, e.g., Magna Elecs., Inc. v. Valeo, Inc.*, 2015 U.S. Dist. Lexis 133194, at *2 (E.D. Mich. Sept. 30, 2015).

The Special Master considered all of the factors and concluded that all three factors support granting the Motion to Stay. The Court has had an opportunity to review this matter and finds that the Special Master reached the correct conclusions for the proper reasons in the R&R. The Court has reviewed Horizon's objections to the R&R and comes to the following conclusions.

    1.    *First Factor - State of Discovery*

Horizon contends that the current state of discovery strongly weighs against a

stay.  Horizon says that substantial written discovery as to the '352 Patent has taken place and that it has completed its production of documents.  This argument lacks merit.  As the Special Master noted, Horizon's statements regarding the state of discovery pertain to its own progress, not Curt's.  While Horizon may believe it has completed its portion of discovery, discovery is still in the early stages.[2]  There has been no Rule 26(f) conference, the parties have not submitted a Rule 26(f)(3) discovery plan, or exchanged Rule 26(a)(1) initial disclosures.  There is no scheduling order setting a deadline for discovery.

When considering the factor as to the stage of the litigation, the inquiry is on whether "discovery is complete and whether a trial date has been set." *Service Solutions U.S., LLC v. Autel.US Inc.*, No.13-10534, 2015 WL 401009, at *2 (E.D. Mich. Jan. 28, 2015).  Discovery is not complete and there is no trial date.  The Court therefore finds that the Special Master did not err in concluding that the first factor weighs in favor granting the Motion to Stay.

2. *Second Factor - Prejudice*

Horizon also contends that it will be unfairly prejudiced if a stay is granted.

---

[2]Curt says that while Horizon has argued that all of its production on the '352 Patent is complete, Horizon served Curt with another production relating to the '352 Patent as recently as November 11, 2019, well after the Motion to Stay was filed.

Horizon suggests that Curt's request for IPR review was untimely and is evidence of "gamesmanship." As explained below, Curt acted timely and reasonably in seeking IPR review of the '352 Patent.

Horizon first takes issue with Curt's filing for IPR review of the '352 Patent days before the time period permitted by the statute expired. The fact that Curt filed days before the time for seeking IPR review expired is of no moment; Curt timely obtained IPR review. As the Special Master noted, Horizon's own conduct with respect to the '352 Patent helped delay IPR review. The '352 Patent issued in 2000 and expired in 2016. Horizon sued in 2017, after the expiration of the '352 Patent and did not amend its Complaint to include the '352 Patent until six months into the litigation. Curt did not unreasonably delay in seeking IPR review of the '352 Patent.

Horizon also says that Curt failed to follow Judge Cohn's statement at a technology tutorial regarding a 30-day deadline for filing for IPR review. The Special Master deferred this issue to Judge Cohn because the statement was off-the-record and not otherwise in writing. The parties filed competing declarations as to whether Judge Cohn directed Curt to notify the Court of its intent to seek IPR review or actually seek IPR review within thirty days. Judge Cohn, consistent with his practice in managing patent litigation, asked Curt to notify the Court of its intent to seek IPR review within thirty days. It did not require Curt to actually file for IPR review within thirty days.

5

This interpretation is corroborated by the record as Curt filed a notice of its intent to seek IPR review within thirty days. *See* ECF No. 41. It is clear that an off-the-record statement does not have the force of an order. Horizon's argument that Curt failed to timely seek IPR review based on Judge Cohn's statement is misplaced.

To the extent Horizon continues to argue that the Motion to Stay is premature, the Patent Trademark and Appeal Board ("PTAB") had not determined whether to institute IPR proceedings. The Special Master correctly found that the PTAB's decision to initiate IPR review moots any prematurity argument.

### 3. *Continue With Discovery*

Horizon argues for the first time that even if a stay is granted, the Court should not stay discovery on the '352 Patent. Putting aside that this argument was not raised with the Special Master and is therefore procedurally improper, the argument is not well-taken. The purpose of a stay is to conserve resources. Permitting discovery to proceed runs afoul of this purpose. And, as the Special Master pointed out in detail, staying proceedings will streamline the case and very likely narrow the issues related to the '352 Patent based on the PTAB's final decision. As Curt points out, none of the cases upon which Horizon relies involved a partial stay. Here, the stay is directed to one patent. Discovery continues on the five other paradigm patents.

## III. CONCLUSION

Finding no error in the Special Master's Report and Recommendation, the Court adopts the R&R in its entirety.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation dated December 14, 2019 [ECF No. 74] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the objections to the Report and Recommendation filed by Horizon [ECF No. 78] are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Stay In Part Pending *Inter Partes* Review (proceedings related to the '352 Patent)[ECF No. 56] is **GRANTED**.

**IT IS ORDERED.**

                                              s/Denise Page Hood
                                              DENISE PAGE HOOD
DATED: March 18, 2020                 United States District Judge