## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

HORIZON GLOBAL AMERICAS INC.

            Case No. 2:17-cv-11879

     Plaintiff,

v.               Honorable Denise Page Hood

CURT MANUFACTURING, LLC,     Special Master Christopher Darrow

     Defendant.

---

### PLAINTIFF'S MOTION TO LIFT THE STAY ON THE '780 PATENT

  Plaintiff Horizon Global Americas Inc. ("Horizon") hereby moves this Court to lift the stay of proceedings on U.S. Patent No. 6,012,780 (the "'780 patent"). A brief in support is included herein.

  Pursuant to LR 7.1, Counsel for Plaintiff sought concurrence in the relief the motion seeks to no avail. More specifically, Counsel for Plaintiff spoke with Counsel for Defendant Curt Manufacturing, LLC ("Curt") on September 2, 2020 about the factual and legal basis for the request but did not obtain concurrence in the relief sought.

Dated: September 11, 2020     Respectfully submitted,

             **HORIZON GLOBAL AMERICAS INC.**

             By: /s/ Nicholas A. Kurk
               One of its attorneys

             David B. Cupar (OH 0071622)
             Matthew J. Cavanagh (OH 0079522)

{9079012: }

MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Nicholas A. Kurk (IL 6292133 )
MCDONALD HOPKINS LLC
300 N. LaSalle St., Ste. 1400
Chicago, Illinois 60654
t 312.280-0111 │ f 312.280.8232
nkurk@mcdonaldhopkins.com

*Counsel for Horizon Global Americas Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

HORIZON GLOBAL AMERICAS INC.

                Plaintiff,

v.

CURT MANUFACTURING, LLC,

                Defendant.

Case No. 2:17-cv-11879

Honorable Denise Page Hood

Special Master Christopher Darrow

---

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS
## <u>MOTION TO LIFT THE STAY ON THE '780 PATENT</u>

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

STATEMENT OF ISSUES PRESENTED.............................................. iii

CONTROLLING AUTHORITY ........................................................... iv

INTRODUCTION .................................................................................1

PROCEDURAL HISTORY.....................................................................2

LEGAL STANDARD.............................................................................5

ARGUMENT .........................................................................................6

I.     THE COURT SHOULD LIFT THE STAY ON THE 780 PATENT
       DUE TO THE CHANGE IN CIRCUMSTANCES. ........................6

II.    NONE OF THE TRADITIONAL STAY FACTORS FAVOR A
       STAY. ...................................................................................................7

       A.     Curt and This Court have already Declared that this Case is in
              the Very Early Stage of Litigation. ......................................8

       B.     Maintaining the Stay Cannot Simplify Issues and Will Not
              Conserve Judicial Resources...............................................9

       C.     Maintaining the Stay would Unduly Prejudice Horizon...................10

CONCLUSION ......................................................................................11

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Cequent Performance Prod., Inc. v. Hopkins Mfg. Corp.*, No. 13-CV-15293, 2017 WL 371230 (E.D. Mich. Jan. 26, 2017) .........................................4

*Cook v. St. John Health*, No. 10-10016, 2013 WL 2338376 (E.D. Mich. May 29, 2013) .......................................9

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ...........................................5

*Everlight Electronics Co. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013).......................................5

*Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586 (6th Cir. 1995) ..........................................5

*Grobler v. Apple Inc*., No. 12-CV-01534, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) .......................................9

*John B. v. Emkes*, 517 F. App'x 409 (6th Cir. 2013)................................................5

*Landis v. North Am. Co*., 299 U.S. 248 (1936)...........................................5

*Magna Elecs., Inc. v. Valeo, Inc*., No. 14-10540, 2015 WL 10911274 (E.D. Mich. Sept. 30, 2015) ...........................................7, 10

*Pegram v. Herdrich*, 530 U.S. 211 (2000)................................................8

*RR Donnelly & Sons Co. v. Xerox Corp*., No. 12-cv-6198, 2013 WL 6645472 (N.D. Ill. Dec. 16, 2013) .......................................6

*Signal IP, Inc. v. Fiat U.S.A., Inc*., No. 14-CV-13864, 2015 WL 5719670 (E.D. Mich. Sept. 30, 2015)...........................................7, 10

*United States v. Todd*, 920 F.2d 399 (6th Cir. 1990)................................................5

## Statutes

35 U.S.C. §315(b) ..........................................4

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether this Court should lift the stay of proceedings on the '780 patent where:

   a.   the Court previously limited Horizon to proceeding on five of its eight patents as paradigm, thus staying three of them (including the '780 patent), and the PTAB has now invalidated the asserted claims of one of those five chosen patents (the '352 patent), so that lifting the stay as to the '780 patent would allow Horizon to now proceed on five patents (as originally intended by Judge Cohn's order) while the '352 patent remains stayed for at least another year pending appeal of the PTAB's decision; and

   b.   the factors that the Court weighs to determine whether a stay is warranted strongly favor lifting the stay, especially the factor related to the stage of the proceedings where Curt has already argued (and the Court accepted) that this case is still in its infancy.

   **Horizon answers "Yes"**

## **CONTROLLING AUTHORITY**

Pursuant to LR 7.1(d)(2), the controlling or most appropriate authority for the relief sought includes:

The following cases that explain that prejudgment orders remain interlocutory and can be reconsidered at any time and that Courts have the inherent power to manage their dockets and stay proceedings.

- *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586 (6th Cir. 1995);
- *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990);
- *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988);
- *Landis v. North Am. Co*., 299 U.S. 248 (1936).

The following cases from this Court that explain that Curt bears the burden of showing a stay remains warranted and that exemplify how a stay is not warranted here when weighing the factors the Court should consider:

- *Everlight Electronics Co. v. Nichia Corp*., No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013);
- *Magna Elecs., Inc. v. Valeo, Inc*., No. 14-10540, 2015 WL 10911274 (E.D. Mich. Sept. 30, 2015);
- *Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-CV-13864, 2015 WL 5719670 (E.D. Mich. Sept. 30, 2015).

The following case that explains that judicial estoppel prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.

- *Pegram v. Herdrich*, 530 U.S. 211 (2000).

**INTRODUCTION**

The Court previously allowed Horizon's infringement case to proceed on five paradigm patents. While the eight patents Horizon asserted generally relate to trailers and hitches, they covered five distinct technologies. Because the '352 and '780 patents are both directed to trailer brake control technology, Horizon initially elected to proceed on the '352 patent as one of the five paradigm patents.

Thereafter, the Court stayed proceedings related to the '352 patent pending an *inter partes* review ("IPR") filed by Curt. On August 11, 2020, the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision rendering all asserted claims of the '352 patent invalid. Although Horizon is appealing that decision to the Federal Circuit, a decision will likely take up to a year, or longer.

Horizon brings this motion to lift the stay related to the '780 patent. ***First***, the Court should lift the stay for the simple reason that Horizon is down one patent. Indeed, unless the stay is lifted, Horizon will only be able to proceed on four paradigm patents for a year or longer (if Horizon is successful on appeal or if there is a remand to the PTAB), or until after trial and appeal of those four patents (if Curt prevails on appeal). This change in circumstances mandates that Horizon be allowed to proceed on the '780 patent (which is closely related to the brake control technology of the '352 patent and will not set the case back).

***Second***, the three factors courts analyze when evaluating a stay weigh

strongly in favor of lifting the stay. Notably, as to the first factor (stage of proceedings), Curt argued (and the Court accepted) that these proceedings were just getting started when it argued for a stay of the '352 patent. The same would be true now and Curt should be judicially estopped from arguing otherwise.

As for the second factor, keeping proceedings stayed as to the '780 patent would not simplify any issues. Conversely, not allowing Horizon to continue its case with a patent related to brake control technology would be extremely inefficient—for both the Court and the parties—because that will essentially require the parties to go through full discovery, trial, and potentially appeal on four of the five technologies and then, afterwards, essentially start another case from scratch related to brake control technology.

Finally, Horizon would be severely prejudiced (factor three) by now only being allowed to proceed on four paradigm patents when the Court allowed five. Moreover, Horizon would have to wait years to seek resolution related to brake control technology.

## **PROCEDURAL HISTORY**

This case was previously assigned to Judge Avern Cohn. Horizon filed its Second Amended Complaint on March 9, 2018. (ECF #24 ("SAC").) In the SAC,

Horizon accused Curt of infringing claims of eight patents.[1] While all eight patents generally relate to equipment for the towing industry, the SAC explained that the eight patents are directed at *five* distinct technologies:

1. The '583, '458, and '658 patents are directed to unique devices and apparatuses for securely and conveniently *securing things (e.g., safety chains) to towing vehicles*.

2. The '713 patent is directed to unique devices that can be used to *secure a safety chain in gooseneck hitch applications*.

3. The '863 patent is directed to *improved fifth wheel hitch devices*.

4. The '142 patent is directed to *improved trailer signal converters*.

5. The '352 and '780 patents are directed to *improved trailer brake controllers*.

(*See* SAC ¶¶18-22, PageId.209 (emphasis added).)

On August 2, 2018, Judge Cohn issued a claim construction order requiring the parties to designate paradigm claims to move forward for claim construction. (ECF #30 ¶¶ 3, 5 (PageID.438).) Horizon was limited to five patents (and two claims for each patent). (*Id.*) Proceedings on all non-paradigm patents were stayed "until further order of the Court." (*Id.*)

On August 31, 2018, Horizon selected the '583, '863, '713, '142, and '352 patents. (ECF No. 35.) Thus, Horizon chose the '352 patent and not the '780

---

[1] The eights patents are U.S. Patent Nos. 9,522,583 ("the '583 patent"), 8,360,458 ("the '458 patent"), 8,215,658 ("the '658 patent"), 9,248,713 ("the '713 patent"), 9,592,863 ("the '863 patent"), 8,179,142 ("the '142 patent"), 6,068,352 ("the '352 patent"), and 6,012,780 ("the '780 patent").

patent. As to these two patents, the parties have exchanged discovery and presented technology tutorials regarding brake controller technology. For example, Horizon produced over 8,000 documents that relate to the '780 patent and/or the brake control products and technology, including detailed brake controller schematics and source code.[2]

On January 27, 2019, Curt filed an IPR petition as to the '352 patent. It did not file an IPR as to the '780 patent and is now foreclosed from doing so.[3] On February 1, 2019, Curt moved to stay the proceedings in this case related to the '352 patent pending review. (ECF #56.) The Court granted that motion on March 28, 2020. (ECF #87.)

On August 11, 2020, the PTAB issued its Final Written Decision of the '352 patent. (ECF #95-1.) As the PTAB noted in its Final Written Decision, "[t]he primary issue [wa]s whether [Horizon] antedated the McGrath reference." *Id*. at PageID.4328. The PTAB concluded that Horizon had not done so. *Id*. The PTAB's decision does not have any bearing or effect on any of the other patents-in-suit, including the '780 patent.

---

[2] Horizon also points out that a Court in this District has already construed three claims of the '780 patent. *See Cequent Performance Prod., Inc. v. Hopkins Mfg. Corp*., No. 13-CV-15293, 2017 WL 371230, at *9 (E.D. Mich. Jan. 26, 2017). Further, the Patent Trial and Appeals Board ("PTAB") has also construed its claims and confirmed its validity. While not binding, these decisions certainly offer guidance to the Court and parties.

[3] *See* 35 U.S.C. §315(b) ("An *inter partes* review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent.").

On August 25, 2020, Horizon filed a Notice of Appeal of the PTAB's decision. (*See* Doc. 1-1, Case No. 2020-2203 (Fed. Cir.).) Horizon anticipates that the appeal will not be decided until late summer 2021, if not later.

Horizon now moves to lift the stay on the '780 patent so that this case can proceed as to five paradigm patents, as was intended from the initial selection of.

## LEGAL STANDARD

"Prejudgment orders remain interlocutory and can be reconsidered at any time." *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589 (6th Cir. 1995) (citing Moore's Federal Practice ¶0.404 (2d ed.1994)). "It is within the sole discretion of the court to determine if a prior ruling should be reconsidered." *Id.* (citations omitted); *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (same); *John B. v. Emkes*, 517 F. App'x 409, 410 (6th Cir. 2013) (same).

Courts have inherent power to manage their dockets and stay proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Landis v. North Am. Co.*, 299 U.S. 248, 254-255 (1936). A stay is not a matter of right. It is the party in favor of the "stay that 'bears the burden of showing that the circumstances justify the exercise of that discretion.'" *Everlight Electronics Co. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *6 (E.D. Mich. Apr. 30, 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

## ARGUMENT

### I. THE COURT SHOULD LIFT THE STAY ON THE 780 PATENT DUE TO THE CHANGE IN CIRCUMSTANCES.

The Court should lift the stay on the '780 patent because circumstances have changed since the '780 patent was stayed. Indeed, the only reason proceedings were stayed on the '780 patent in the first place was because Horizon was limited to five patents. The only reason that proceedings were stayed as to the '352 patent was because of the IPR. Now that the PTAB has invalidated the '352 patent, proceedings as to the '352 patent will remain stayed for at least a year (or forever if affirmed). Simply put, Horizon is down one patent and will be for quite some time. This alone warrants lifting the stay on a patent of Horizon's choice.

Moreover, unless the stay is lifted on the '780 patent, Horizon will not be able to proceed on brake control technology alongside the other technologies unless and until the Federal Circuit outright reverses the PTAB as to the '352 patent, or remands and then Horizon prevails. There is absolutely no reason to wait that long where the Court should simply exercise its discretion and lift the stay on the '780 patent. *See RR Donnelly & Sons Co. v. Xerox Corp.*, No. 12-cv-6198, 2013 WL 6645472, at *3 (N.D. Ill. Dec. 16, 2013) (denying stay that would "cause four unchallenged [] patents to languish unresolved for an unspecified amount of time"). More specifically, lifting the stay as to the '780 patent would allow Horizon to assert the unique issues as to liability and damages associated with the

brake controller technology asserted in this litigation efficiently and with minimal disruption and expense. There is even more reason here where, as noted above, there has already been discovery related to brake control technology and there has been guidance from this Court and the PTAB on the meaning of claims and invalidity issues.

In sum, it was always contemplated that Horizon's case would proceed with five paradigm patents. Lifting the stay as to the '780 patent would accomplish this. Not lifting the stay will essentially turn this one lawsuit into two separate lawsuits that would proceed *seriatim*. There is no reason to do so.

## II.    NONE OF THE TRADITIONAL STAY FACTORS FAVOR A STAY.

The factors that the Court typically considers in deciding whether a stay is warranted are: 1) the stage of the litigation; 2) whether the stay will simplify the issues or present a clear tactical disadvantage to the party not desiring a stay; and 3) whether a stay would unduly prejudice the party not desiring a stay. *See Magna Elecs., Inc. v. Valeo, Inc*., No. 14-10540, 2015 WL 10911274, at *1 (E.D. Mich. Sept. 30, 2015) (citations omitted).[4] Here, none of these factors weigh in favor of

---

[4] Other Courts have phrased these three factors slightly different and additionally look at judicial efficiencies. *See, e.g., Signal IP, Inc. v. Fiat U.S.A., Inc*., No. 14-CV-13864, 2015 WL 5719670, at *5–6 (E.D. Mich. Sept. 30, 2015) (the three factors are: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set."). This additional factor is noteworthy here because the result here of maintaining the stay would result in this Court potentially having

maintaining the stay on the '780 patent.

> ### A. Curt and This Court have already Declared that this Case is in the Very Early Stage of Litigation.

Curt's own arguments in favor of a stay for the '352 patent demonstrate that proceedings should not be stayed for the '780 patent.

Curt aggressively pursued a stay of the '352 patent based, in part, because "this case is still in its infancy." (ECF #56, PageID.1884.) Indeed, Curt argued that a stay as to the '352 patent was warranted because no depositions occurred or were scheduled, no Rule 26 plan had been submitted, initial disclosures were not served, there was no schedule for the close of fact or expert discovery, no trial date was set, and no claim construction order had been entered. (*See id*.; *see also* ECF No. 61, PageID.2126-2127 (Curt reply brief arguing the same). This Court, agreeing with the Special Master and Curt, stated:

> discovery is still in the early stages. There has been no Rule 26(f) conference, the parties have not submitted a Rule 26(f)(3) discovery plan, or exchanged Rule 26(a)(1) initial disclosures. There is no scheduling order setting a deadline for discovery.

(ECF #87, PageID.4291.) Just a few months later, this case is at this same early stage as there still has been no Rule 26(f) conference and nothing has happened in the case since the Court's ruling. Curt is judicially estopped from arguing otherwise as to this factor. *Pegram v. Herdrich*, 530 U.S. 211, 228 n.8 (2000)

---

to proceed over two full cases, two full trials, etc. rather than one case because the case would not have a patent related to brake control technology.

("Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."); *Cook v. St. John Health*, No. 10-10016, 2013 WL 2338376, at *3 (E.D. Mich. May 29, 2013) (applying judicial estoppel where the court was "persuaded to accept the earlier position").

Moreover, for this factor, the Court recognized that "the inquiry is on whether discovery is complete and whether a trial date has been set." (ECF #87, PageID.4291 (citation omitted).) Here, neither has occurred. Nor is either even close. This factor, therefore, favors proceeding on the '780 patent.

### B.    Maintaining the Stay Cannot Simplify Issues and Will Not Conserve Judicial Resources.

Being that the '780 patent was not the patent involved in the IPR—and it cannot become involved in an IPR—the entire purpose of a stay is absent here. *See, e.g., Grobler v. Apple Inc*., No. 12-CV-01534, 2013 WL 6441502, at *3 (N.D. Cal. Dec. 8, 2013) (lifting stay once IPR concluded). Indeed, when staying the '352 patent, the Court relied heavily on the potential for the IPR to "likely narrow the issues related to the '352 Patent based on the PTAB's final decision." (ECF #87, PageID.4293.) Here, while the '352 patent and '780 patent both generally relate to brake control technology, the PTAB's decision (and impending appeal) as to the '352 patent does not have any effect on the validity of the '780 patent (or any of the other patents-in-suit). Simply put, no issues would be simplified if this

Court were to wait to proceed on the '780 patent.

Moreover, maintaining the stay on the '780 patent will actually complicate issues and create more of a burden on the Court and parties. Indeed, not lifting the stay will essentially create a second lawsuit between the parties, driving up costs for the parties and time involved from the Court. For example, many witnesses would have to be deposed twice and the parties and the Court would have to conduct two trials. Simply put, no issues can be simplified, and no resources conserved, by allowing the '780 patent to sit idle.

### C.    Maintaining the Stay would Unduly Prejudice Horizon.

Horizon is prejudiced by the simple fact that it was previously allowed to proceed on five patents and maintaining the stay limits it to four. *Magna Elecs.*, 2015 WL 10911274, at *1 ("Regarding the prejudice factor, delay of the patent case is prejudicial to Plaintiff since competition and damages are at issue."); *Signal IP,* 2015 WL 5719670, at *5–6 ("The Plaintiff will be prejudiced by a stay, because a plaintiff has a legitimate interest in having its case timely resolved."). For this reason alone, the prejudice factor strongly favors lifting the stay.

Additionally, for those five patents, Horizon chose to assert patents covering five distinct technology areas. Horizon would be prejudiced by delaying the case as to one of these technology areas for no good reason. Even worse, as noted above, maintaining the stay of the '780 patent (and brake control technology) will

essentially create two separate lawsuits that would be resolved one after the other. But many of the documents, issues, witnesses, etc. will overlap. In addition to the additional time and expense and inefficiencies noted above, Horizon would be prejudiced by faded memories due to passage of time. Simply put, Horizon will be additionally prejudiced if it has to wait to proceed on the brake control technology.

## CONCLUSION

For all these reasons, this Court should grant Plaintiff's motion and lift the stay on the '780 patent.

Dated: September 11, 2020      Respectfully submitted,

**HORIZON GLOBAL AMERICAS INC.**

By: /s/  Nicholas A. Kurk
      One of its attorneys

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Nicholas A. Kurk (IL 6292133 )
MCDONALD HOPKINS LLC
300 N. LaSalle St., Ste. 1400
Chicago, Illinois 60654
t 312.280-0111 │ f 312.280.8232
nkurk@mcdonaldhopkins.com

*Counsel for Horizon Global Americas Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on September 11, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


By:/s/ Nicholas A. Kurk