UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORIZON GLOBAL
AMERICAS, INC.,
     Plaintiff/Counter-Defendant,
v.

CURT MANUFACTURING,
LLC,
     Defendant/Counter-Plaintiff.
_____/

Case No. 17-11879

Denise Page Hood
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER ON MOTIONS (ECF Nos. 132, 135, 136, 146, 147, 148, 150, 153, 169)

### A.    Background

This case involves multiple patents for automobile trailer hitches.  Both

parties assert patent infringement against the other.  At the outset of the case, the

District Judge previously assigned issued an Order requiring the parties to, among

other things, identify the paradigm claims of the parties' patents.  Plaintiff was

limited to five patents (of its eight patents), Defendant was limited to one patent.

(ECF No. 30, 34, 35).  The parties are before the Court with discovery disputes, a

request to extend case management deadlines to allow more time for discovery,

and motions to seal.  (ECF Nos. 132, 135, 136, 146, 147, 148, 150, 153, 169).  The

Court held a hearing on these motions on September 16, 2024.  Some issues were

resolved before the hearing.  (*See* ECF No. 175).

**B.**     **Discussion**

1.     CURT's 30(b)(6) witness (ECF No. 132) and CURT's Motion for
Protective Order (ECF No. 135)

Horizon moved for leave to depose CURT's 30(b)(6) deponent, Ben Fisher,

for 21 hours, and to split that 21 hours between two questioning attorneys.  It also

moved for an order to compel CURT to respond to two interrogatories.  Before the

hearing, the parties reached a limited agreement on the deposition—CURT's

30(b)(6) representative would sit for two days of deposition, the second day would

be October 2, 2024.  The parties resolved the dispute about multiple attorneys

conducting the questioning.  The parties still dispute how the second day will

unfold.  Horizon wants to choose how it spends its time between 30(b)(6)

testimony and fact testimony.  CURT wants Horizon limited to three hours on

30(b)(6) topics because it is burdensome to prepare Fisher, again, on all the

30(b)(6) topics.

Although Fed. R. Civ. P. 30(d)(1) generally limits a deposition to seven

hours, the rule also provides for extensions beyond that limit.  This case involves

five paradigm patents from one party alone, and a myriad of contested products.

This is a complex case.  CURT complied with Rule 30(b)(6) in designating Fisher

as its representative, but in doing so it decided to select one person to cover all the

topics; it could have selected several designees but it chose one.  Plaintiff did not

use all seven hours on the first day of the deposition on 30(b)(6) topics; it also

2

asked fact-witness questions.  Allowing only three additional hours to obtain

corporate testimony is insufficient to cover the topics with a single deponent.  Rule

30(d)(1) says that the Court "must" extend the duration if needed to fairly examine

the deponent.  The Court will allow Horizon to spend the seven hours in day two of

the deposition however it sees fit.  This should not create an undue burden on

Fisher and CURT—they offered three hours of 30(b)(6) testimony, which means

Fisher would be prepared on all the topics anyway, whether he is questioned for

three hours or more.  Given the Court's allowance to depose Fisher as Horizon sees

fit, the motion to compel is **GRANTED** on that issue.

The rest of this motion concerns Horizon's request that CURT respond to

two additional interrogatories about the representativeness of accused products.

The disputes over these interrogatories are the same disputes raised in CURT's

motion for protective order against Horizon's 939 requests for admission and

second Rule 30(b)(6) deposition.  (ECF No. 135).  After hearing argument on

CURT's motion for protective order, the Court took a recess to allow the parties

some time to resolve the issues.  The recess was successful.

The parties came to the following agreement: CURT will complete charts

Horizon provided on the Monday before the hearing.  These charts are intended to

compile information on product representativeness.  Horizon will reword

Paragraphs 3 and 4 of the declaration accompanying the charts to more closely

align with CURT's preference.  Given this agreement, Horizon is not pressing for

responses to the two additional interrogatories, the 939 RFAs, or the second Rule

30(b)(6) deposition.  The motion to compel responses to interrogatories (ECF No.

132) is therefore **DENIED** as to the interrogatories, **GRANTED** as to Fisher's

deposition (above).  CURT's motion for protective order (ECF No. 135) is

**TERMINATED AS MOOT**.

 B. <u>ECF No. 146 – Horizon's Motion to Compel</u>

 In this motion, Horizon asks for an order compelling CURT to produce

certain technical documents and sales data, and to confirm that CURT has served

final contentions in a list of eight areas, including infringement and non-

infringement.  (ECF No. 146).

 Before addressing the merits of the motion, CURT argues that Horizon did

not comply with Local Rule 7.1's mandate to seek concurrence prior to filing a

motion.  According to CURT, during a meet and confer CURT attorneys told

Horizon it would review its document production and supplement as needed.  The

next day, Horizon filed this motion.  Had Horizon followed the meet and confer

guidelines, CURT says most of the issues would have been resolved.  Thus, it asks

that the motion be denied and CURT be awarded costs and fees associated with

responding.  (ECF No. 160, PageID.5990).  Horizon says it needed to file the

motion when it did, on the close of discovery, because time had run out.  It did not

want to risk forfeiting the discovery.  Horizon says CURT had much more than

seven-minute notice of the technical documents it is seeking because Horizon has

asked for, and CURT agreed to provide, a charting of representativeness of the

accused products earlier in the litigation.  (ECF No. 164, PageID.6212).

     The concurrence rule is meant to avoid or reduce Court intervention.  It does

not sound as though Horizon took the concurrence rule seriously enough to plan

well enough in advance to discuss these disputes to allow CURT time to

supplement responses before filing a motion.  This, however, is not reason to deny

the motion to compel because, though some issues were resolved before the

hearing, some issues remain.  A proper meet and confer would not have changed

this status.

     1.    Technical Documents and Sales Information

     During the hearing, Horizon explained that it still needs technical documents

and sales information for products with "OE" part numbers (it is unclear whether

technical documents are still at issue, *see* ECF No. 184, PageID.8118).  CURT said

it would produce sales information once it gets a list from Horizon of the accused

products.

     The motion is **GRANTED** as to these documents.  If it has not done so yet,

CURT must produce the part numbers, technical documents, and sales information

for OE products.  During the hearing, counsel for Horizon explained that Horizon

cannot give CURT a final list of products or SKUs because the SKUs are not public, only CURT has that information. Horizon asked for that information in Interrogatory 18, but CURT did not give a list of SKUs. (*Id.* at PageID.8130; ECF No. 162-1, PageID.6099). For this reason, the Court does not require Horizon to give CURT a final list of product numbers for which to provide sales data. CURT must either identify for itself which products are at issue (i.e., the OE products) or confer with Horizon to come to an agreed list. Supplemental production must occur **within 14 days** of this Order. That CURT would not provide this sales data until Horizon gives it a final list of part numbers is why the Court will not award CURT any sanctions for a failure to properly meet and confer over these disputes. Both parties created a need for Court intervention.

Lastly, Horizon is concerned that CURT is not producing all documents in its possession because there have been instances in which CURT says it produced all that is has, but later Horizon finds documents elsewhere that should have come from CURT. If CURT represents that it has produced all responsive, available documents and it later becomes clear that was not true, Horizon would be entitled to move for sanctions, for instance for failure to supplement discovery under Fed. R. Civ. P. 37(c)(1).

      2.    Final Contentions

As the close of discovery neared on July 26, 2024, the parties discussed continuing discovery after the deadline.  Both sides agreed to continue discovery but disagreed on scope.  CURT wanted to conduct any discovery, including the remaining depositions, until August 30th; Horizon wanted only follow-up discovery along with depositions but no new theories or contentions.  CURT served supplemental discovery responses concerning new contentions and theories after July 26 that Horizon wants to keep out of the case.  Horizon seeks an Order stating that all contentions and invalidity theories are locked in as of July 26, 2024.  CURT insists its supplemental discovery responses are appropriate because they are based on evidence learned after July 26, 2024, during depositions.  (*See* ECF No. 184, PageID.8122).

The parties agreed to conduct half of the fact depositions after the close of discovery.  The Court respects that agreement.  But because Horizon did not agree to unlimited discovery until August 30, 2024, absent a Court order CURT could not unilaterally decide that any discovery could be conducted until the 30th.  The Court finds a middle ground reasonable—the parties would conduct the depositions and would be allowed follow-up discovery on information coming to light during the depositions taken close to and after the close of discovery.  Against this backdrop, it would be unreasonable to conclude that fact depositions could occur but the parties could not act based on information learned in those

depositions. CURT gave an example of new information. CURT deposed an inventor named on some of Horizon's patents on July 30, 2024, after the close of discovery. CURT intends to add a claim of invalidity as to one of the contested patents resulting from some of the testimony. (ECF No. 160, PageID.6005). CURT reasonably does not want to be locked into final contentions without all the facts fully developed.

The Court will not order that CURT is locked into final contentions as of July 26, 2024—it could supplement final contentions with new theories or contentions learned because of the depositions. There is time with expert discovery and expert reports to probe both parties' final contentions. If Horizon believes more time is needed for additional discovery in light of this Order, the Court directs the parties to confer on the matter. If no resolution is reached, Horizon must contact chambers to scheduling a status conference.

The motion to compel is therefore **GRANTED IN PART**.

C.    ECF No. 148 – Motion to Extend Deadlines

On the day discovery was set to close, CURT moved to extend case deadlines, including moving the discovery deadline to August 30, 2024. (ECF No. 148). The parties agreed to continue conducting depositions through August and agreed to extend other dates, but did not agree on the scope of discovery. Again, CURT argued for a broad scope of discovery, but mentioned only follow-up

8

discovery on new information learned during depositions conducted close to or after the July 26 deadline.   The proposed discovery deadline has passed, and it appears the parties have completed fact discovery except for a continued deposition to take place on October 2, 2024, and discovery disputes address below. This motion to extend also concerned whether CURT could supplement discovery responses to include new theories and contentions.  That dispute is addressed above—CURT could supplement responses to include new theories and contentions based on information learned on or after the close of discovery.  The proposed expert deadlines are still ripe for a ruling, as is the dispute about whether Horizon must respond to CURT's discovery requests served on July 26 (nine documents requests and three interrogatories) and 31, 2024 (one interrogatory). (ECF No. 175).

"A schedule may be modified only for good cause and with the judge's consent." *Id*.  "The primary measure of Rule 16 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted).  The court should also consider possible prejudice to the party opposing the modification.  *Id*.

There is good cause to accept the parties' agreement on a limited-scope extension, namely, their diligence in attempting to meet existing deadlines and that

they do not seek an unreasonably long extension.  Per their agreement, Opening

Expert Reports will be due on **October 11, 2024**; Rebuttal Expert Reports will be

due **November 15, 2024**; and Expert Discovery will close **December 20, 2024**.

The remaining case management dates set forth at ECF No. 130 will govern the

case.

Next to be addressed are CURT's discovery requests served on July 26 and

31, 2024.  Horizon strenuously objects to these requests.  It argued that many of

these requests address facts that were in CURT's possession before the close of

discovery and that CURT has not established good cause for extension to serve the

requests.

CURT served three interrogatories on July 26, 2024.  Interrogatory 21 is

about damages, Interrogatory 22 asks for the date by which Horizon contends

CURT had notice of the alleged infringement.  Both interrogatories are linked to

CURT's requests for admission served during July 2019.  (ECF No. 148-26,

PageID.5625; ECF No. 162, PageID.6056).  CURT did not ask a Horizon 30(b)(6)

deponent about Horizon's denials to the requests for admission.  (ECF No. 162,

PageID.6056).  CURT did not explain why good cause exists to ask about damages

this late in the litigation.  Interrogatory 23 seeks Horizon's contentions as to why

Horizon's purported infringement of the '899 patent was not willful.  (ECF No.

148-26, PageID.5626).  But CURT countersued Horizon for willful infringement

of that patent on January 8, 2018.  CURT did not explain why good cause exists to ask for contentions on an in issue in its countercomplaint after the deadline to serve such discovery.

The Court will not allow these three interrogatories.  Neither of these interrogatories concerns follow-up discovery on new information learned.  And as stated, CURT did not explain why good cause exists to extend discovery to allow these interrogatories.  There was no showing that CURT was diligent in seeking information it appears it could have sought months or years ago.

CURT served nine documents requests on July 26th.  Six of them concern "Project HURT" or "Hurt Curt."  The other three requests are about the "Venza/Toyota Project."  (ECF No. 148-27, PageID.5632).  The problem from Horizon's perspective is that it produced documents regarding "Project HURT" as early as April 13, 2020, yet CURT did not follow-up on that discovery until the discovery deadline.  (ECF No. 162, PageID.6058).  Horizon's 30(b)(6) witnesses testified about "Project HURT" and explained that it was a marketing theme for the sales department.  (*Id.*).  It also argues that more discovery to learn whether "Project HURT" was the catalyst behind filing this lawsuit is irrelevant to the claims and defenses here.  (*Id.*).  CURT explained that Horizon's corporate witness designated to testify about this project could not answer questions.  CURT insists that the information is relevant to damages and CURT's claim of willful

11

infringement.  (ECF No. 148, PageID.5502-03).  CURT did not address why its questioning of three other Horizon witnesses about the project is insufficient to cover the topic, though the Court recognizes that 30(b)(6) testimony is different from fact witness testimony.  (ECF No. 162, PageID.6059).

In the Court's view, CURT was dilatory in seeking "Project HURT" information.  During the Rule 30(b)(6) deposition, which occurred on July 19, 2024, Horizon's corporate representative testified that he did not know anything about the project and that it was a marketing tool or method of operation in Horizon's efforts to overtake CURT in the market.  (ECF No. 150-3, PageID.5691-92 SEALED).  CURT's counsel made clear to the deponent that he was designated to testify about the facts and circumstances regarding Horizon's decision to bring this action.  Because it is unclear how the reasons for filing a lawsuit relate to willful patent infringement, it appears that counsel did not ask questions targeted at damages or willful infringement of the '899 patent as it related to "Project HURT." (*Id.*).  Considering that Horizon produced some documents in 2020 concerning "Project HURT" and that CURT did not establish diligent efforts to obtain discovery on this issue before the close of discovery, the Court finds no good cause to allow discovery on "Project HURT."  Notably, this does not appear to be a subject learned of for first time during the deposition such that it would be follow-up discovery on new information.

12

Related to these requests are the requests for Venza/Toyota Project documents. CURT seeks documents dating to 2006, 18 years ago. Horizon says it produced information about this project in 2019. (ECF No. 162, PageID.6059). It appears that this project was to create a new fifth wheel hitch. CURT noted that Horizon's 30(b)(6) witness was unable to answer whether Horizon released a new product within the last seven years. (ECF No. 150-2, PageID.5687 SEALED). Horizon says this deponent is the person with the most knowledge on the new product development, so CURT's failure to get the information it wanted during the deposition should not entitle it to more discovery now. (ECF No. 162, PageID.6068-69). CURT insists that it is entitled to discovery on this project to understand whether a new fifth wheel product was developed, and if so, whether it infringes the '899 patent or is covered by Horizon's '863 patent. (ECF No. 148, PageID.5503-04).

Whether there is another accused product is relevant to the claims here. That said, CURT did not explain why it is seeking 18 years' worth of documents if it suspects the new product was developed in 2017 or 2018 or why it waited until a late deposition to seek follow-up information about the project it learned of in 2019 (CURT did not contest in its reply that it had documents in 2019). It is also unclear why so many documents would be needed to cure the 30(b)(6) deponent's lack of knowledge as to when the new product was released, if it was. CURT

made no showing that the deponent could not more fully discuss how the new product development fit with or contrasted from the '899 patent.  Given the lack of explanation of diligent efforts to obtain the documents sooner, and lack of a showing of good cause to extend discovery to allow these documents requests, the Court declines to compel production.  CURT is not seeking discovery merely to follow-up or clarify a portion of testimony; it wants other information about a topic it was aware of since 2019.  It is too late for that.

CURT's July 31, 2024, Interrogatory 24 (which does not appear to be filed with a brief) was served the day after former Horizon inventor Mr. Stanifer's deposition in follow-up to his testimony.  Horizon makes three arguments against allowing this interrogatory: (1) Mr. Stanifer has been employed by CURT's parent company since October 2020, so CURT could have asked him the question sooner, (2) CURT's counsel met with Mr. Stanifer on June 20, 2024 and asked him about his patents,[1] and (3) this interrogatory is gamesmanship because CURT waited to serve it to avoid letting Horizon know that CURT met with and prepared Mr. Stanifer for deposition on June 20th.  (ECF No. 162, PageID.6061-62).  CURT insists that the June 20th meeting with Mr. Stanifer was not to prepare him for his deposition.  More relevant for purposes of this motion, CURT contends that the

---

[1] The parties disagree as to the exact communications with Mr. Stanifer and whether this meeting was appropriate.  Horizon stated an intent to file a motion concerning Mr. Stanifer.

interrogatory is necessary because Mr. Stanifer did not know he was not named as an inventor on one of Horizon's patents.  (ECF No. 165).

CURT specifically addressed this interrogatory in its reply, unlike the other requests at issue.[2]  It contends that the interrogatory is a direct follow-up to Stanifer's testimony because he did not know why he was removed as a named inventor on Horizon's '583 patent, which goes to invalidity.  CURT also argues good cause exists for this discovery because of Horizon's document productions close to or just before depositions were set to commence and because summary charts Horizon prepared to help facilitate testimony were twice invalided by Horizon's witnesses.  CURT wasted time going over those summary charts.  (*Id.*).

The Court will not compel Horizon to respond to CURT's Interrogatories 21-23, but Horizon must respond to Interrogatory 24.  Interrogatory 24 was served the day after Mr. Stanifer's deposition and concerns information learned at that deposition that was not reasonably available until closer to the close of discovery. The Court does not credit the assertion that CURT has had access to Stanifer for years as an employee.  Speaking to an employee to gather facts is very different from deposing that person under oath—the latter has evidentiary value.  This is appropriate follow-up discovery.

---

[2] In fact, this is the only request expressly discussed in briefing.  CURT did not address these requests in oral argument, either.  All this suggests that the information sought via these requests is not of the utmost importance to CURT, except Interrogatory 24.

In sum, the motion is **GRANTED IN PART**.  Supplemental responses are due **within 21 days** of this Order.  The issues surrounding CURT's counsel's discussion with Mr. Stanifer and obtaining counsel for Mr. Stanifer will be addressed later.

Horizon seeks reasonable costs and fees incurred in opposing the motion. The Court will not grant fees.  The Court came close to awarding fees to CURT on Horizon's motion to compel technical and sales documents, but chose not to because some of the cause for the disputes lay at CURT's door as well as Horizon's.  Similarly, here, though Horizon defeated some of this motion, its intransigence regarding some follow-up discovery was, in the Court's view, unreasonable.  Neither party will be awarded fees.

D.     Motions to seal

The Sixth Circuit has long recognized a "strong presumption in favor of openness" in court records.  *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co*., 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  The "heavy" burden of overcoming that presumption rests with the party seeking to seal the records.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299, 305 (6th Cir. 2016).  The moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed.  *Id.* at 307.  This burden

16

must be met **even if no party objects to the seal**, and it requires a "document-by-document, line-by-line" demonstration that the information in the document meets the "demanding" requirements for the seal.  *Id.* at 308.   In delineating the injury to be prevented, "specificity is essential."  *Id.*  Typically, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access.  *Id.*  Should the Court order a document to be sealed, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary.  *Id.* at 306.

It was discussed during the hearing that the parties should have filed motions to seal more closely aligning with the information the Court is required to review and articulate in granting a motion to seal.  The Court will **DENY WITHOUT PREJUDICE** the motions to seal (ECF Nos. 136, 147, 153, 169) and allow the parties to refile their motions taking care that they seek a narrowly tailored seal or redaction and articulate why the interests supporting nondisclosure outweigh the public's interest in understanding the bases for court decisions.  Documents filed under seal will remain sealed until the Court rules on the new motions.

**IT IS SO ORDERED**.

17

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: September 26, 2024                    s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

18