## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**HORIZON GLOBAL AMERICAS INC.,**

        Plaintiff / Counter-Defendant,

v.

**CURT MANUFACTURING, LLC**

        Defendant / Counter-Plaintiff.

Case No. 2:17-cv-11879

Hon. Denise Page Hood

Hon. Curtis Ivy, Jr.

## CURT'S RENEWED MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS

Defendant and Counter-Plaintiff CURT Manufacturing, LLC ("CURT") hereby moves pursuant to Fed. R. Civ. P. 15(a) and the Court's January 14, 2025 Order (ECF 237) for leave to amend its counterclaims to add a counterclaim for inequitable conduct. For the reasons set forth in the accompanying brief, CURT respectfully requests that such motion be granted and that CURT be permitted to file its proposed amended counterclaims, attached hereto as Exhibit 1 (in redlined format) and Exhibit 2 (in clean format). CURT also requests that the Court grant a period of 60 days for limited discovery relating specifically to CURT's inequitable conduct counterclaim.

Pursuant to the Court's January 14, 2025 Order, CURT considered what, if any, impact striking certain of its contentions might have on its proposed amended

counterclaim. Because claims for patent invalidity under 35 U.S.C. §§ 102 and 103 are different in both form and substance than claims for unenforceability due to inequitable conduct, the Court's Order striking certain of CURT's invalidity contentions does not impact its ability to assert an inequitable conduct counterclaim. *See Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1372 (Fed. Cir. 2006).

Dated: January 28, 2025          Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH, LLP**

/s/ *Jared B. Briant*
Jared B. Briant
1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
jared.briant@faegredrinker.com

Andrew M. McCoy
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: (317) 237-0300
andrew.mccoy@faegredrinker.com

Thatcher A. Rahmeier
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
thatcher.rahmeier@faegredrinker.com

Andrea I. Savageau
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000
andrea.savageau@faegredrinker.com

**KERR RUSSELL & WEBER PLC**

Fred Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
fherrmann@kerr-russell.com

*Attorneys for CURT Manufacturing, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**HORIZON GLOBAL AMERICAS INC.,**

       Plaintiff / Counter-Defendant,

v.

**CURT MANUFACTURING, LLC**

       Defendant / Counter-Plaintiff.

Case No. 2:17-cv-11879

Hon. Denise Page Hood

Hon. Curtis Ivy Jr.

## CURT'S BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS

# <u>TABLE OF CONTENTS</u>

**Page**

COMPLIANCE WITH E.D. MICH. L.R. 7.1(a)........................................................v

CONCISE STATEMENT OF ISSUES PRESENTED ...........................................vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ vii

I.     INTRODUCTION ........................................................................................1

II.    BACKGROUND ...........................................................................................2

    A.    The '863 Patent ..................................................................................2

    B.    Horizon's Development of the '863 Patent Fifth Wheel Hitch ...........4

        1.    The B&W Companion Hitch ....................................................5

        2.    Curt's Q5 Fifth Wheel Hitch...................................................6

        3.    CURT's '899 Patent ................................................................7

III.    LEGAL STANDARDS ................................................................................9

    A.    Duty of Candor to the USPTO .........................................................9

    B.    Inequitable Conduct .........................................................................9

    C.    Rule 15(a) .......................................................................................10

IV.    ARGUMENT..............................................................................................11

    A.    The Court's Order Striking Certain Invalidity Contentions Does Not Impact CURT's Proposed IEC Counterclaim.............................11

    B.    CURT's Proposed IEC Counterclaim Satisfies the Pleading Standard...........................................................................................12

        1.    CURT Pleads "Who" Committed IEC.....................................14

        2.    CURT Pleads "What" Actions Constituted IEC......................16

        3.    CURT Pleads "When," "Where," and "How."..........................19

i

C.    CURT Has Not Unduly Delayed in Seeking Leave to Amend...........20

D.    There is No Undue Prejudice to Horizon from CURT's Amended Counterclaim.......................................................................22

E.    CURT's Proposed Amended Counterclaim is Not Brought in Bad Faith. ........................................................................................23

F.    Another Court Recently Granted Leave for a Defendant to Pursue an Inequitable Conduct Defense Against Horizon in Relation to Two Other Patents for Which Mr. Stanifer is a Named Inventor...................................................................................24

V.    CONCLUSION.................................................................................24

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Agfa Corp. v. Creo Prods. Inc.*,
   451 F.3d 1366 (Fed. Cir. 2006) ..................................................................11, 12

*Allfasteners USA, LLC v. Acme Operations Pty., Ltd.*,
   No. LACV1806929JAKRAOX, 2021 WL 4027738 (C.D. Cal.
   May 25, 2021) ...............................................................................................12

*Breckenridge v. Blackhawk Recovery & Investigation, LLC*,
   No. 18-10787, 2018 WL 4829305 (E.D. Mich. Oct. 4, 2018) ..........................11

*Diemer v. Ford Motor Co.*,
   No. 07-CV-11027, 2008 WL 11626314 (E.D. Mich. June 3, 2008)..................11

*Enzo Life Scis., Inc. v. Digene Corp.*,
   270 F. Supp. 2d 484 (D. Del. 2003)................................................................22

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) ..................................................................9, 10

*Hageman v. Signal L. P. Gas, Inc.*,
   486 F.2d 479 (6th Cir. 1973) ..........................................................................11

*Helmer v. Guest*,
   No. 09-CV-11697, 2010 WL 3522456 (E.D. Mich. Sept. 7, 2010) ..................23

*Horizon Global Americas, Inc. v. Northern Stamping, Inc.*,
   Case No. 1:20-cv-00310 (N.D. Ohio)..............................................................24

*Jordan Acquisition Grp., L.L.C. v. TSI Inc.*,
   No. 10-11988, 2011 WL 2650491 (E.D. Mich. July 6, 2011)...............12, 13, 14

*Lawrence Boensch Co. v. Penn Aluminum Int'l, Inc.*,
   No. CV 11-11748, 2012 WL 13008137 (E.D. Mich. May 25, 2012) ...............22

*Lipocine Inc. v. Clarus Therapeutics, Inc.*,
   No. 19-622 (WCB), 2020 WL 4794576 (D. Del. Aug. 18, 2020)..........13, 16, 23

*Marical Inc. v. Cooke Aquaculture Inc.*,
    No. 1:14-CV-00366-JDL, 2017 WL 3254693 (D. Me. July 31,
    2017), *on reconsideration in part*, No. 1:14-CV-00366-JDL, 2017
    WL 5479503 (D. Me. Nov. 15, 2017) ...............................................21

*Marks v. Shell Oil Co.*,
    830 F.2d 68 (6th Cir. 1987) ..............................................................10

*Monolithic Power Systems, Inc. v. Reed Semiconductor Corp.*,
    No. 1:24-cv-00165-JFM (D. Del. Oct. 22, 2024) ..............................13

*Morse v. McWhorter*,
    290 F.3d 795 (6th Cir. 2002) ............................................................10

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) ..........................................................9

*Thiokol Corp. v. Department of Treasury, State of Mich. Revenue
    Div.*,
    987 F.2d 376 (6th Cir. 1993) ............................................................11

*TransWeb, LLC v. 3M Innovation Properties Co.*,
    812 F.3d 1295 (Fed. Cir. 2016) ........................................................20

*Wallace Hardware Co. v. Abrams*,
    223 F.3d 382 (6th Cir. 2000) ....................................................11, 23

**Statutes, Rules & Regulations**

37 C.F.R. § 1.56 ...................................................................................2

37 C.F.R. § 1.56(a) ...............................................................................9

Fed. R. Civ. P. 9(b) ...............................................................................9

Fed. R. Civ. P. 12(b)(6) .......................................................................11

Fed. R. Civ. P. 15(a) ............................................................................10

Fed. R. Civ. P. 15(a)(2) ........................................................................10

Fed. R. Civ. P. 26(f) ............................................................................21

Fed. R. Civ. P. 56 ................................................................................14

## COMPLIANCE WITH E.D. MICH. L.R. 7.1(a)

Pursuant to E.D. Mich. L.R. 7.1(a), the parties' counsel of record in this case conferred with one another via multiple email communications before CURT filed this Motion.  Counsel for CURT explained the nature of this Motion and its legal basis. Horizon does not concur in the relief sought.

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>
## <u>(L.R. 7.1(d)(2))</u>

Should CURT be granted leave to amend its counterclaims to add a claim for inequitable conduct where deposition testimony obtained on July 30th, 2024 demonstrates that Horizon's patent counsel failed to disclose multiple known material prior art references in connection with prosecution of the patent application that matured into the '863 Patent, which Horizon is asserting against CURT in this action?

CURT answers: Yes

Horizon answers: No

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
### (L.R. 7.1(d)(2))

Pursuant to Local Rule 7.1(d)(2), CURT identifies the following as the controlling or most appropriate authority for the relief sought:

- Federal Rule of Civil Procedure 15

- 37 C.F.R. § 1.56

- *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003).

- *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

- *Jordan Acquisition Grp., L.L.C. v. TSI Inc.*, No. 10-11988, 2011 WL 2650491, at *3 (E.D. Mich. July 6, 2011).

- *Lawrence Boensch Co. v. Penn Aluminum Int'l, Inc.*, No. CV 11-11748, 2012 WL 13008137, at *2 (E.D. Mich. May 25, 2012).

- *Helmer v. Guest*, No. 09-CV-11697, 2010 WL 3522456, at *3 (E.D. Mich. Sept. 7, 2010).

## I.      INTRODUCTION

CURT seeks leave of the Court to amend its Answer and Counterclaims (ECF No. 25) to add a counterclaim that Horizon's asserted '863 Patent is unenforceable due to inequitable conduct ("IEC"). Eric Stanifer, a former Horizon employee and named inventor of the '863 Patent, was deposed in this case on July 30, 2024, and testified to material prior art that he and Horizon considered extensively in designing the claimed invention of the '863 Patent.  Yet despite its duty of candor to the U.S. Patent Office, Horizon, and in particular one or more of the attorneys from McDonald Hopkins LLC, including Todd A. Benni ("Benni"), lead prosecution counsel from McDonald Hopkins, who was substantively involved in the prosecution of the '863 Patent and its related patent application before the USPTO, did not disclose that known, material prior art during prosecution of the 863 Patent. This newly-discovered evidence fully warrants granting CURT leave to amend to add a counterclaim for inequitable conduct.

During his July 30 deposition in this case, Mr. Stanifer testified that:

1)



2)

██████████████████████████████████████████ and

3) ███████████████████████████████████████████████
████████████████████████████████████

37 C.F.R. § 1.56 requires "[e]ach individual associated with the filing and prosecution of a patent application…to disclose to the [Patent] Office all information known to that individual to be material to patentability." Here, however, McDonald Hopkins, through at least Benni, failed to disclose three critical pieces of prior art to the USPTO during the filing and prosecution of the patent application that became the '863 Patent. Had these pieces of prior art been disclosed, the USPTO would not have allowed at least claim 1 of the '863 Patent to issue.  Indeed, newly discovered evidence show that inventors of the '863 Patent ***actually analyzed and dissected the undisclosed art in developing the subject matter of the '863 Patent.*** Yet, these references were inexplicably withheld from the USPTO. Horizon's failure to disclose this material prior art to the USPTO gives rise to the IEC counterclaim that CURT seeks to add by way of this motion.

## II.     BACKGROUND

### A.     The '863 Patent

U.S. Patent Application No. 13/190,878 (the "'878 Application"), which matured into the '863 Patent that is asserted by Horizon against CURT in this case, was filed on July 26, 2011. (*See* ECF 170-3, PageID.6313.) The '878 Application

claimed priority to U.S. Provisional Patent Application No. 61/367,695 (the "'695 Application") filed July 26, 2010.

The '863 Patent is entitled "Fifth Wheel Hitch Isolation System." *Id.* Mr. McCoy and Mr. Stanifer are identified as the inventors for the '695 Application, the '878 Application, and the '863 Patent. (*See, e.g.*, *id.*) The law firm McDonald Hopkins served as counsel of record for the '695 Application, the '878 Application, and is named as counsel of record on the face of the '863 Patent. (*See* ECF 170-3, PageID. 6312-6322; ECF 170-4, PageID.6323-6628).) In particular, Todd A. Benni ("Benni"), was lead prosecution counsel from McDonald Hopkins, who was substantively involved in the prosecution of the '863 Patent and its related patent application before the USPTO.

In describing the problems that the '863 Patent purports to solve, the '863 Patent provides: "[d]riving a fifth wheel trailer may often be very rough, whereby large shocks can pass through the trailer hitch between the trailer and the towing vehicle. Providing a rigid trailer hitch, however, may not provide an adequate or proper cushion between the stiff trailer and the towing vehicle, whereby the people traveling in the towing vehicle may not have a comfortable ride." (ECF 170-3, PageID.6319, 2:26-32.) In describing prior art approaches to these problems, the '863 Patent states: "[t]ypically, fifth wheel hitches have either used large volume air bags, fluid shock absorbers, or have been forced to use a dense polymer to limit the

3

resulting displacement. As a result, fifth wheel hitches have required a large amount of space and have not been able to adequately dampen high frequency vibrations as well as low frequency vibrations. In addition, fifth wheel hitches generally dampen a limited number of degrees and not multiple axes." (*Id.* at 2:32-41.)

The '863 Patent purports to offer a novel solution to the problems encountered by prior art fifth wheel hitches in the form of an "isolator system" (sometimes referred to as an "isolation system"), which system is recited in all claims of the '863 Patent. (*Id.* at 7:34-8:63.) The claimed isolator system "may dampen vibrations" occurring during operation of towing vehicle "radially allowing the skid plate 16 to pivot" and "may provide vertical and horizontal isolation about the A and B axes . . .[and] side to side isolation." (*Id.* at 7:3-11.) Mr. Stanifer testified that ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ (Ex. 3, (Excerpts of the Transcript of Deposition of Eric J. Stanifer, July 30, 2024), at 40:12-15.)

**B.    Horizon's Development of the '863 Patent Fifth Wheel Hitch**

At deposition, Mr. Stanifer testified at length ████████████████

████████████████████████████████████████████████████

████████████████    More specifically, Mr. Stanifer testified in detail about ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████. Despite Horizon's duty of candor to the

USPTO, these references were not disclosed during prosecution of the '863 Patent.

### 1. The B&W Companion Hitch

███████████████████████████████████████████████████████

████████████████. (*See e.g.*, *id.* at 33:12-35:5.) Mr. Stanifer testified that ████████

████████████████████████████████████████████ which is

prior to the July 26, 2010 filing date of the '695 Application, i.e., the earliest priority

date for the '863 Patent claims. (*Id.* at 34:10-18.)

The B&W Companion hitch is a fifth wheel hitch for towing that has

dampening features. Mr. Stanifer testified at length about ████████████████████

████████████████████████████ (*Id.* at 35:13-36:2.) When

asked if ████████████████████████████████████

█████████████████████████████████████████ Mr.

Stanifer testified: ████████████████████████████████

███████████████████████████████████████████████

████████████████████████ (*Id.* at 36:5-12.)

Mr. Stanifer also testified that ████████████████████████

███████████████████████████████████████████████

████████████████ stating: ████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████ (*Id.* at 77:19-78:11

(emphasis added).) Mr. Stanifer further testified that ████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████ (*Id.* at 81:4-82:24.)

### 2.   Curt's Q5 Fifth Wheel Hitch

CURT's Q5 fifth wheel hitch (ECF 170-7, PageID.6634-6636), is a fifth

wheel hitch for towing, that also includes dampening features. Mr. Stanifer further

testified that ████████████████████████████████████████████████

██████  ███████████████████████████████████████████████

████████████████████ Ex. 3, at 91:14-92:7, 97:20-98:7; ECF 208-4.) The

document included ██████████████████████." (Ex. 3, at 96:18-24; ECF

208-4.) Mr. Stanifer described ████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████



(*Id.* at 96:25-97:13 (emphasis added).)

Mr. Stanifer testified that

(*Id.* at 99:14-16.) Mr. Stanifer testified that

(*Id.* at 98:12-99:19.) Mr. Stanifer testified that

(*Id.* at 99:20-100:8 (emphasis added).)

### 3.   CURT's '899 Patent

CURT's '899 Patent (*see* ECF 170-8, PageID.6637-6656) discloses a trailer

hitch for towing that also includes dampening features deposition Mr. Stanifer also

testified that

(Ex. 3 at 101:4-9.) Mr. Stanifer testified that

(*Id.* at 101:13-21.) Mr. Stanifer testified that

███████████████████████████████████████████████

████ (*Id.* at 100:16-102:1.)

Further confirming that Horizon was aware of the '899 Patent and its duty of candor, it ***did*** disclose CURT's '899 Patent to the USPTO in connection with prosecution of a ***different*** fifth wheel hitch patent application, and did so during a timeframe when it still could have disclosed the '899 Patent in connection with the prosecution of the '878 Application. Specifically, on July 18, 2013—when the '878 Application was still pending—Horizon submitted an Information Disclosure Statement in connection with the prosecution of U.S. Patent App. No. 13/834,407 (the "'407 Application") directed to an "Automatic Rolling Fifth Wheel Hitch," which later matured as U.S. Patent No. 9,511,804 (the "'804 Patent"), identifying CURT's '899 Patent as prior art. (ECF 170-9, PageID.6664).

Like the '863 Horizon Patent asserted in this case, the '804 Patent also named Messrs. McCoy and Stanifer as inventors. (ECF 170-10, PageID.6680.). Thus, it is clear that inventors Stanifer and McCoy, Horizon, and Horizon's patent counsel (which was also McDonald Hopkins in connection with prosecution of the '407 Application) were all aware of CURT's '899 Patent during prosecution of the '878 Application, as well as Horizon's duty to disclose it to the USPTO. Yet the '899 Patent was never disclosed to the USPTO in connection with prosecution of the '878 Application.

8

## III.   LEGAL STANDARDS

### A.   Duty of Candor to the USPTO

"Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability….." 37 C.F.R. § 1.56(a). "The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office…." *Id*.  "[N]o patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct." *Id*.

### B.   Inequitable Conduct

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). The Federal Circuit has held that an inequitable conduct claim must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that in alleging fraud a party must state with particularity the circumstances constituting fraud. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). "[T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule

9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1328. The pleading "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id*. at 1328-29.

### C.   Rule 15(a)

The present motion to amend is governed by Rule 15(a) as it is being filed in compliance with the deadline set forth in the Court's January 14, 2025 Order.  Under Rule 15(a), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002). "Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

"Factors the Court may consider in determining whether to permit a party to amend its pleadings include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and

(6) futility of amendment." *Breckenridge v. Blackhawk Recovery & Investigation, LLC*, No. 18-10787, 2018 WL 4829305, at *2 (E.D. Mich. Oct. 4, 2018) (Hood, J.).

"Motions to amend should not be denied as futile when there are underlying, disputed issues of material fact because the court must accept the movant's allegations as true." *Diemer v. Ford Motor Co.*, No. 07-CV-11027, 2008 WL 11626314, at *3 (E.D. Mich. June 3, 2008). The "test for determining whether [a] proposed amendment is futile is same as for Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Department of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). Further, "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973); *see also Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) ("[d]elay, standing alone, is an insufficient basis for denying leave to amend….").

## IV.   ARGUMENT

### A.   The Court's Order Striking Certain Invalidity Contentions Does Not Impact CURT's Proposed IEC Counterclaim.

While validity and inequitable conduct may "overlap" in prior art, "[t]he simple fact is that a patent may be valid and yet be rendered unenforceable for misuse or inequitable conduct." *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1372 (Fed. Cir. 2006). Moreover, "the conduct-of-the-applicant-in-the-PTO issue raised in the

nonjury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues." *Id.*; *see Allfasteners USA, LLC v. Acme Operations Pty., Ltd.,* No. LACV1806929JAKRAOX, 2021 WL 4027738, at *11 (C.D. Cal. May 25, 2021) (order striking invalidity contentions did not reach inequitable conduct defense).

While the Court struck certain invalidity contentions regarding the '863 patent, Benni's inequitable conduct in front of the PTO is "distinct and without commonality" to the validity of the patent. It is immaterial that there is overlap in the prior art asserted in the invalidity contentions and inequitable conduct counterclaim. Accordingly, the Court's order regarding the invalidity contentions does not impact CURT's proposed IEC Counterclaim.

### B.   CURT's Proposed IEC Counterclaim Satisfies the Pleading Standard.

A pleading for IEC requires "a party to establish that an individual had knowledge of the withheld material information or the falsity of the material misrepresentation and acted with specific intent to deceive the PTO." *Jordan Acquisition Grp., L.L.C. v. TSI Inc.*, No. 10-11988, 2011 WL 2650491, at *3 (E.D. Mich. July 6, 2011). However, "[a]n inequitable conduct claim is rarely disallowed at the pleading stage due to failure to adequately allege scienter. It is enough that the defendant plead sufficient facts from which it may be inferred that the applicant knew of withheld material information and withheld that information with the

specific intent to deceive the PTO." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-622 (WCB), 2020 WL 4794576, *8 (D. Del. Aug. 18, 2020) (internal quotations and citations omitted); *see also Jordan Acquisition Grp.*, 2011 WL 2650491 at *3; *see also* ECF 211-1 PageID.9939-9942, *Monolithic Power Systems, Inc. v. Reed Semiconductor Corp.*, No. 1:24-cv-00165-JFM (D. Del. Oct. 22, 2024) (granting motion for leave to assert IEC counterclaim, finding allegations were "strong enough to pass into discovery.").

The counterclaim for IEC that CURT seeks leave of Court to add pleads the circumstances giving rise to the claim with the requisite particularity ("who, what, where, when, how"), such that it is not futile. At the outset, CURT also provides adequate allegations of the two prongs of IEC: materiality and intent.

Even though an IEC claim is "rarely disallowed at the pleading stage due to failure to adequately allege scienter," *Lipocine Inc.*, 2020 WL 4794576 at *8, CURT's proposed amended pleading still satisfies that standard, alleging  that based on that totality of evidence, "the only reasonable conclusion is that Horizon and/or McDonald Hopkins, acting through at least Benni, knowingly withheld this material information with the specific intent to deceive the USPTO and gain allowance of the '863 Patent." (Ex. 1, Proposed Amend. Countercl., ¶ 170; *see also* ¶ 166.)

CURT also specifically pleads how each prior art reference is material to the patentability of the '863 Patent. Specifically, the B&W Companion hitch and CURT

13

Q5 fifth wheel hitch were material to patentability because they were the only two commercial fifth wheel hitch products on the market in the 2008-2009 timeframe that offered isolation/isolator systems as claimed in the '863 Patent, ███████

████████████████████████████████████████████████████

████████████████████████████████ (*See e.g.,* Ex. 1, ¶¶105-129; Ex. 3,  98:12-99:16.) Similarly, CURT's '899 Patent was material to patentability because it disclosed aspects of an isolation/isolator system as claimed in the '863 Patent, ████████████████████████████████

████████████████████████████████████. (Ex. 1, ¶¶ 105-129.) Thus, CURT has plead its fraud claim "with particularity," as further addressed below. *Jordan Acquisition Grp., L.L.C.*, 2011 WL 2650491 at *3.

### 1.    CURT Pleads "Who" Committed IEC.

Mr. Stanifer's testimony demonstrates that, at a minimum, ████████████

████████████████████████████████████████████████████

████████████████████████ That CURT's '899 Patent was cited in connection with another, different Horizon fifth wheel patent application during the pendency of the '878 Application also demonstrates that Horizon, generally, and Horizon's patent counsel Benni with McDonald Hopkins more specifically, was also aware of the '899 Patent during the timeframe when Rule 56's

disclosure requirements applied in connection with the '863 Patent. (*See* Ex. 1 ¶¶ 130-136, 157-158, 160.)

Horizon has aggressively asserted attorney-client privilege to prevent CURT from exploring which specific individual or individuals as between Messrs. Stanifer, McCoy, other Horizon personnel, Benni, or other counsel with McDonald Hopkins made the determination not to disclose the material prior art to the USPTO. For example, during Mr. Stanifer's deposition, counsel for CURT inquired w█████████

████████████████████████████████████. (Ex. 3, at 102:2-3.) Counsel for Horizon █████████████████████████████████

████████████████████████. (*Id.* at 102:4-5.) When counsel for CURT indicated that █████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████ (*Id.* at 102:6-12.)

Thus, with regard to the "who" prong, CURT has adequately pled that it was at least Benni, Horizon's prosecution counsel at the time, who was responsible for committing inequitable conduct. Given this limited universe of players, and Horizon's aggressive assertion of privilege, CURT should be entitled to take limited discovery to understand which individual or individuals made the specific call not

to cite the material, undisclosed prior art to the '863 Patent. CURT's inability to root out the specific individual or individuals were involved in the determination not to disclose the material prior art has also been exacerbated by Horizon's failure to produce the entirety of the inventor notebook kept by inventors Stanifer and McCoy, despite Mr. Stanifer testifying that such as notebook did indeed exist and despite Mr. Stanifer testifying ███████████████████████████████████████████ ███████████████████████ (Ex. 3, at 30:18-31:3.)[1]

### 2. CURT Pleads "What" Actions Constituted IEC.

"The 'what' requirement is met by the alleged...failures to disclose that are recited in detail" by CURT in its proposed amendment. *Lipocine Inc.*, 2020 WL 4794576 at *9. Here, CURT has pled that at least Benni failed to disclose, at a minimum, three material prior art reference to the USPTO while prosecuting the '863 Patent. (*See* Ex. 1, ¶¶ 94, 132, 157, 166-170.)

Stanifer testified that ████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████ (*Id.* at ¶ 137.) Yet, no one

---

[1] CURT has separately moved to compel Horizon to produce the inventor notebook (ECF 180), and that motion is currently pending before the Court.

disclosed these prior art references that were analyzed and reviewed in connection

with creating the isolation/isolator system claimed in the '863 Patent. (*Id*., ¶ 138.)

The ***first*** prior art reference is the B&W Companion hitch. Mr. Stanifer

testified that ██████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████ (*Id*., ¶ 139.)

He testified that ████████████████████████████████

████████████████████ (*Id.* ¶ 140.) Mr. Stanifer

further testified that ████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████ (*Id*., ¶ 144.) ████

██████████████████████████████████████████████████

████████████████████████████████████ (Ex. 4,

HZN106896.)

The ***second*** prior art reference was CURT's Q5 fifth wheel hitch. Mr. Stanifer

testified that ██████████████████████████████████████████

██████ █████████████████████████████ (Ex. 1, Proposed

Amend. Countercl., ¶ 146.)   The document included ████████████████

██████████████████████████ (*Id*., ¶¶ 147-148.) ████

███████████████████████████████ (*Id*., ¶ 149.) Mr.

17

Stanifer testified that ███████████████████████████████████████

██████ (*Id.*, ¶ 150.) Thus, ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ (*Id.*, ¶ 151.)

The ***third*** prior art reference was the '899 Patent. At deposition, Mr. Stanifer

testified that █████████████████████████████████████████████

███████" (Ex. 1, Amend. Countercl., ¶ 153.) Mr. Stanifer further testified that ███

████████████████████████████████████████████████████

███████████████████████ (*Id.*, ¶ 154.) Mr. Stanifer testified that ████████

████████████████████████████████████████████████████

████████████████████████ (*Id.*, ¶ 156.)

Had the Examiner been aware of any of the three references, the PTO would

not have allowed the claims of the '863 Patent. Yet, Horizon and/or McDonald

Hopkins, acting through at least Benni, failed to disclose these three pieces of prior

art to the USPTO in connection with prosecution of the '878 Application that

matured into the '863 Patent. Based on the cited evidence, and evidence likely to be

discovered, the single most reasonable inference that can be drawn from Horizon

18

and/or McDonald Hopkins' actions (or inactions) is an intent to deceive.  Thus, CURT has provided a particularized showing "what" actions constitute IEC.

### 3.    CURT Pleads "When," "Where," and "How."

CURT's proposed IEC counterclaim satisfies the pleading standard. Stanifer, McCoy, Horizon, and Benni with McDonald Hopkins knew of the three material prior art references before the priority date of the '863 Patent. (Ex. 1, Proposed Amend. Countercl., ¶¶ 157-158.) Mr. Stanifer and McCoy ██████████████

██████████████████████████████████████████████████

██████████████████████████████ (*See* Ex. 3 at 33:12-34:5, 34:10-18, 91:14-92:7, 97:20-98:7, 96:25-97:13, 99:14-16, 101:4-9.) Horizon also knew of the B&W Companion Hitch and CURT's Q5 fifth wheel hitch before July 2011 from ████████████████████ ████████████████████. (*Id.* at 91:14-92:7, 97:20-98:7.) And, by 2013, McDonald Hopkins generally knew about CURT's '899 Patent because they cited the patent to the USPTO in connection with prosecution of a different Horizon application. (ECF 170-9, PageID.6664.)

As discussed above, the three prior art references were material because ██

██████████████████████████████████████████████████

████████████████████t and because the Examiner would not have allowed claims of the '863 Patent as issued had the PTO been aware of the undisclosed refences. (*See infra*, Section V.A.) However, the references were also

material for another reason. Mr. Stanifer testified that ███████████████████

███████████████████████████████████████████████ (ECF 170-5,

at 40:5-15). Further, he testified that ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████ (*Id.* at 100:5-8.) With

this backdrop, again, the single most reasonable inference is that Horizon and/or

McDonald Hopkins, acting through at least Benni, had an intent to deceive the

USPTO because there would be no other reason not to disclose the three known,

material prior art references relating to the supposedly novel isolation/isolator

feature of the '863 Patent. *See TransWeb, LLC v. 3M Innovation Properties Co.*, 812

F.3d 1295 (Fed. Cir. 2016). Thus, CURT's amendment is not futile and CURT

pleads IEC with sufficient particularity.

### C.   CURT Has Not Unduly Delayed in Seeking Leave to Amend.

CURT filed its original motion for leave just one month after Mr. Stanifer's

deposition, and two weeks after the parties' meet and confer to discuss. *See* ECF

170-13, PageID.6729. CURT further is timely filing the present renewed motion in

with the deadline set forth in the Court's January 14, 2025 Order (ECF No. 237,

PageID.11037). This is not an "undue delay" in seeking leave to amend.

During the parties' meet and confer, Horizon attempted to point to the age of

this case as CURT's alleged undue delay.  While this case does date to 2017,

***discovery in this case did not open until August 2022.*** This was a function of Judge

Cohn's procedures for patent cases, which prioritizes early claim construction

proceedings while staying the remainder of the case. (*See* ECF 30.) This

interpretation of Judge Cohn's procedure, and its effect on discovery in this case,

has already been adjudicated.  Specifically, in early 2020, Horizon filed a motion to

compel discovery.  In denying that motion, the Court specifically noted that "26(d)

pretty clearly says that a party may not seek discovery before a Rule 26(f)

conference. So on that basis I will deny" the motion to compel. (ECF 105, Hearing

Tr. at 12:13-15.)  The Rule 26(f) conference did not occur until August 2022 (*see*

ECF 106); therefore, CURT could not have deposed Mr. Stanifer before that date.

Nor did any of Horizon's earlier document productions give CURT adequate

information to seek leave to amend its complaint.  Horizon has never produced the

'863 Patent inventor notebooks.[2] Mr. Stanifer's July 30, 2024 deposition testimony

is the primary evidence on which CURT is now pleading its IEC claim. Thus, CURT

did not delay in amending its counterclaims to include the IEC theory. *See Marical*

*Inc. v. Cooke Aquaculture Inc.*, No. 1:14-CV-00366-JDL, 2017 WL 3254693, at *6

---

[2] Mr. Stanifer testified tha ███████████████████████████████████████
████████████████████████████████████████████████ (ECF 170-5, 27:14-
28:4.) CURT requested this inventor notebook almost 6 years ago, in at least RFP
Nos. 22, 23, and 30. (ECF 170-12, PageID.6703-6727.) The notebook is currently
the subject of CURT's Motion to Compel (ECF 180), which has been set for hearing
on February 25, 2025.

(D. Me. July 31, 2017), *on reconsideration in part*, No. 1:14-CV-00366-JDL, 2017 WL 5479503 (D. Me. Nov. 15, 2017) (allowing amendment where information about potential inequitable conduct was discovered during the deposition of an inventor at the close of fact discovery); *see also Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003) (allowing amendment **after** the close of fact discovery where IEC theory was "confirmed by the depositions" of inventors).

Nor did CURT delay in informing Horizon of its inequitable conduct theory. Within forty-eight hours of Mr. Stanifer's deposition, CURT informed Horizon of its intention to file a motion for leave to amend its counterclaims to include an inequitable conduct theory. (ECF 170-13, PageID.6729.) Further, CURT filed its original motion only a month after Mr. Stanifer's deposition, and just two weeks after CURT's good faith meet and confer with Horizon on this issue. *See Enzo*, 270 F. Supp. 2d at 489; *see also* ECF 170-16. And CURT is filing the present motion within the deadlines set forth in the Court's January 14, 2025 Order.

### D. There is No Undue Prejudice to Horizon from CURT's Amended Counterclaim.

Horizon will not be unduly prejudiced by CURT's amended counterclaim, and any undue prejudice will be alleviated by the short period (60 days) of discovery limited to the issue of IEC that CURT is requesting. *Lawrence Boensch Co. v. Penn Aluminum Int'l, Inc.,* No. CV 11-11748, 2012 WL 13008137, at *2 (E.D. Mich. May 25, 2012) ("[E]ven if [the non-moving party] was unable to fully explore [the

moving party's] new claim before discovery closed, it will not suffer *undue* prejudice if the discovery deadline is extended for sixty days") (emphasis in the original). Further, a party is not unduly prejudiced just because "discovery has closed," and any new scheduling order relative to the IEC claim "will minimize any prejudice caused by [CURT's] amendment." *Helmer v. Guest*, No. 09-CV-11697, 2010 WL 3522456, at *3 (E.D. Mich. Sept. 7, 2010).

Further, Horizon cannot argue that it would be prejudiced solely by CURT's alleged delay in bringing this motion. There must be some particularized showing of prejudice separate than any alleged delay. *Wallace Hardware*, 223 F.3d at 409 ("[d]elay, standing alone, is an insufficient basis for denying leave to amend, ***and this is true no matter how long the delay***") (emphasis added).

### E. CURT's Proposed Amended Counterclaim is Not Brought in Bad Faith.

CURT is not seeking leave to add a counterclaim for IEC in bad faith. As discussed above, Mr. Stanifer's July 30 deposition testimony is the basis for this motion. CURT could not have met the fraud pleading standard for this claim until it learned of Mr. Stanifer's sworn deposition testimony and, thus, CURT could not have sought to introduce this defense any earlier. *See Lipocine Inc.*, 2020 WL 4794576 at *3-4 ("[I]t is common for claims of inequitable conduct to arise only after discovery has been conducted...given the high pleading and evidentiary hurdles facing a party who wishes to assert inequitable conduct" and thus, "it would

23

not be reasonable to require that [the defendant] have sought leave to add its inequitable conduct claims before the end of fact discovery, which concluded with the depositions of the inventors…").

### F. Another Court Recently Granted Leave for a Defendant to Pursue an Inequitable Conduct Defense Against Horizon in Relation to Two Other Patents for Which Mr. Stanifer is a Named Inventor.

This is not the first case in which Horizon has been credibly accused of inequitable conduct based on its actions with the USPTO.  Recently, the defendant in *Horizon Global Americas, Inc. v. Northern Stamping, Inc.*, Case No. 1:20-cv-00310 (N.D. Ohio), sought to amend it counterclaims to include an IEC charge against Horizon in relation to two other patents for which Mr. Stanifer is a named inventor. The court in that case ***rejected*** Horizon's resistance to the amended pleading, and granted the motion, finding that the "proposed amended counterclaims are not futile." (*See* ECF 170-15, PageID.6731-6750.)  The Court should similarly grant CURT's motion, and permit it to amend its counterclaims here.

## V. CONCLUSION

CURT respectfully requests that the Court grant this Motion and grant CURT leave to file the proposed answer and amended counterclaims attached in clean format as Exhibit 2, adding a counterclaim against Horizon for inequitable conduct and unenforceability of the '863 Patent. CURT also requests that the Court allow for 60 days of discovery limited to the issue of inequitable conduct.

Dated: January 28, 2025                    Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH, LLP**

/s/ *Jared B. Briant*
Jared B. Briant
1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
jared.briant@faegredrinker.com

Andrew M. McCoy
300 N. Meridian Street, Suite 2500
Indianapolis, IN  46204
Tel: (317) 237-0300
andrew.mccoy@faegredrinker.com

Thatcher A. Rahmeier
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
thatcher.rahmeier@faegredrinker.com

Andrea I. Savageau
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000
andrea.savageau@faegredrinker.com

**KERR RUSSELL & WEBER PLC**

Fred Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
fherrmann@kerr-russell.com

*Attorneys for CURT Manufacturing, LLC*

25

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 28, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Dated: January 28, 2025                    Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH, LLP**

/s/ *Jared B. Briant*
Jared B. Briant
1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
jared.briant@faegredrinker.com

*Attorneys for CURT Manufacturing, LLC*

26