**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION**

| | |
|---|---|
| **HORIZON GLOBAL AMERICAS INC.,** | Case No. 2:17-cv-11879 |
| Plaintiff / Counter-Defendant, | Hon. Denise Page Hood |
| v. | |
| **CURT MANUFACTURING, LLC** | Hon. Curtis Ivy Jr. |
| Defendant / Counter-Plaintiff. | |

**CURT'S REPLY BRIEF IN SUPPORT OF ITS RENEWED
MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. CURT'S COUNTERCLAIM SATISFIES *PLEADING* REQUIREMENTS................................................................................................ 2

III. HORIZON'S BID FOR SANCTIONS IS BASELESS............................... 7

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*Elec. Scripting Prods., Inc. v. HTC Am. Inc.*,
  2021 WL 2530210 (N.D. Cal. June 21, 2021).....................................................5

*Entangled Media, LLC v. Dropbox Inc.*,
  2025 WL 315305 (N.D. Cal. Jan. 27, 2025)...................................................4, 6

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009).....................................................................2, 3

*HLFIP Holding, Inc. v. York Cnty., Pennsylvania*,
  2022 WL 22887535 (M.D. Pa. Apr. 14, 2022)............................................3, 5, 6

*Lipocine Inc. v. Clarus Therapeutics, Inc.*,
  2020 WL 4794576 (D. Del. Aug. 18, 2020) (Bryson, J.)................................4, 5

*Marks v. Shell Oil Co.*,
  830 F.2d 68 (6th Cir. 1987).................................................................................6

*Monolithic Power Systems, Inc. v. Reed Semiconductor Corp.*,
  C.A. No. 24-165-JFM (D. Del. Oct. 22, 2024).....................................................2

*Tecnomatic S.p.A. v. ATOP S.p.A.*,
  2021 WL 1405879 (E.D. Mich. Feb. 24, 2021)..................................................3

*The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche
  Molecular Sys., Inc.*,
  2008 WL 624771 (N.D. Cal. Mar. 4, 2008).......................................................7

*Zadro Prods., Inc. v. SDI Techs., Inc.*,
  2019 WL 1100470 (D. Del. Mar. 8, 2019) ........................................................4

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 9(b).................................................................................................3

Rule 16 ...................................................................................................................7

## I. INTRODUCTION

Stripped of its irrelevant provocations, Horizon's opposition fails. On the merits, Horizon either ignores CURT's detailed and extensive allegations, analyzes them in isolation, or argues other interpretations of them under an inapplicable standard. But any dispute or alternate interpretation that is conjured up by Horizon based on facts outside of CURT's pleadings are irrelevant. The question is not whether CURT's interpretation of facts is the *most* plausible, but simply whether it *is* plausible. Likewise, Horizon's focus on pleading the intent prong of inequitable conduct is easily dispatched because intent can be pled generally.

The timing and motivation of CURT's motion is unremarkable. After inventor Stanifer's July 30, 2024, deposition, CURT promptly informed Horizon two days later that it would be moving for leave to amend its counterclaims. The parties conferred, and CURT filed its motion one month after the deposition—on August 30—the then-last day of the discovery period. EFC 170. The only remarkable thing here is that Horizon faults CURT for *narrowing* and *focusing* its pleadings.[1]

---

[1] Horizon spills much ink framing CURT's motion as a "third" bite at the apple, but that is wrong. The Court never ruled on CURT's August 30 motion, which was mooted after CURT filed a corrected motion for leave on October 18. *See* ECF 199. Horizon never responded to the corrected motion, which was then mooted by the Court's January 14, 2025, Omnibus Order that authorized CURT to "move again for leave to amend its counterclaim." ECF 237 at 22. That is what CURT has done.

## II.   CURT'S COUNTERCLAIM SATISFIES *PLEADING* REQUIREMENTS

<u>Futility</u>.   CURT's detailed pleadings are more than sufficient to satisfy the pleading standards.  *See, e.g.,* ECF 211-1.[2]  Indeed, except for the "who," Horizon does not reasonably dispute[3]—and therefore concedes—that CURT's pleadings meet applicable standards.  *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 (Fed. Cir. 2009).  But the "who" requirement is readily met too because "specific" individuals and their linkage and interactions are named and explained throughout CURT's pleadings.  *See, e.g.,* ¶¶ 94, 100-103, 132, 157-58, 165-70 (attorney Benni) & ¶¶ 133-44, 146, 148-51, 153-54, 156-57, 159, 161-63 (inventor Stanifer).  Thus, reasonable inferences of inequitable conduct abound.

In particular, CURT alleges, *inter alia*, that Stanifer's identification and detailed analysis of the specific Uncited Prior Art was fundamental and but-for material to the purported inventive aspect of his patent claims (*i.e.,* the claimed "isolation system") and contained in his notebook, which "would have been turned over to Horizon's patent counsel" and that "Benni was aware of" such art "and their materiality," but Benni "knowingly withheld this material information with the specific intent to deceive

---

[2] *Monolithic Power Systems, Inc. v. Reed Semiconductor Corp.,* C.A. No. 24-165-JFM (D. Del. Oct. 22, 2024) (pleadings sufficient "under any standard" where "inventors actually used information obtained from analysis of [prior art] products to make the invention claimed" and then "not tell the Patent Office").

[3] Horizon's attempt to point to "differences" untethered to claim language of the Undisclosed Prior Art in the Stanifer notebook fall outside the pleadings, amount to a mere disagreement of the facts, and should be disregarded.  Opp. at 5.

2

the USPTO and gain allowance of the '863 patent." ¶¶ 157-58, 170. Nothing more is required in the pleadings, and the cases Horizon cites do not provide otherwise. *See Tecnomatic S.p.A. v. ATOP S.p.A.,* 2021 WL 1405879, at *5 (E.D. Mich. Feb. 24, 2021) (finding the "who" requirement sufficiently pled).

The inference from these pled facts is eminently reasonable and plausible. Horizon has already admitted to this Court when opposing production of the complete Stanifer notebook that "Horizon's attorneys were closely involved" in "the prosecution of Mr. Stanifer's '863 patent," as evidenced by "privilege log communications with Mr. Stanifer and Horizon's prosecution counsel." ECF 187, PageID.8184. Indeed, the purported basis for Horizon to resist complete discovery of the Stanifer notebook is that it "needs to explore" whether "any of the notes were taken at a meeting where an attorney was present and giving advice." *Id.* Horizon's arguments are self-defeating.

Horizon's complaints about "knowledge" and "intent" similarly fail, as they "may be averred generally." *Exergen,* 575 F.3d at 1328; *see also* Fed. R. Civ. P. 9(b). Likewise, pleading on "information and belief" also is permitted under Rule 9(b) "when essential information lies uniquely within another party's control," such as here. *Exergen,* 575 F.3d at 1330; *see also HLFIP Holding, Inc. v. York Cnty., Pennsylvania,* 2022 WL 22887535, at *5 (M.D. Pa. Apr. 14, 2022) ("[D]efendants would not be privy to information about whether the attorneys knew of [the material prior art] and intentionally withheld the information from the PTO[.]"). Because an inequitable

3

conduct claim "is rarely disallowed at the pleading stage due to the failure to adequately allege scienter," CURT's counterclaim is not futile and its motion to amend should be granted. *Zadro Prods., Inc. v. SDI Techs., Inc.,* 2019 WL 1100470, at *5 (D. Del. Mar. 8, 2019).

Diligence. CURT has been diligent. "[I]t is common for claims of inequitable conduct to arise only after discovery has been conducted." *Lipocine Inc. v. Clarus Therapeutics, Inc.,* 2020 WL 4794576, at *3 (D. Del. Aug. 18, 2020) (Bryson, J.). Because that is the case here (within 30 days), there has been no undue delay. *See Lipocine,* 2020 WL 4794576 at *4 (no undue delay where motion to amend filed 54 days after deposition giving rise to the claim) (collecting cases). Similarly, it is "not unreasonable" to conduct depositions after the completion of most other discovery, as the parties agreed to here, before adding an inequitable conduct claim. *Entangled Media, LLC v. Dropbox Inc.,* 2025 WL 315305 at *3 (N.D. Cal. Jan. 27, 2025).

Horizon's arguments are impossibly contradictory. On one hand, Horizon would have CURT file its inequitable conduct claim at the outset of the case, based on mere suspicions and before any discovery of underlying facts not within its control. Opp. at 18-20. On the other hand, Horizon repeatedly criticizes CURT for appropriately seeking supporting facts through the discovery process, and yet CURT's counterclaim is somehow still an irresponsible "knee jerk" filing. Opp. at 6. CURT was more than reasonable and responsible in seeking to amend its counterclaims after

4

the Stanifer deposition. *See, e.g., Elec. Scripting Prods., Inc. v. HTC Am. Inc.,* 2021 WL 2530210, at *3 (N.D. Cal. June 21, 2021) (finding "it was not unreasonable for Defendant to wait until securing some corroborating deposition testimony before seeking leave to amend" despite having some information "from the inception of this litigation (if not before)"). Additionally, Horizon was made aware of the forthcoming motion just ***two days*** after the Stanifer deposition, on August 1, 2024. ECF No. 170-13, PageID.6729; *see Lipocine,* 2020 WL 4794576 at *6 (finding the "notice function" of motion to amend was served "long before the motion was filed—less than a month after the completion of [the] deposition"). CURT has been more than diligent.

Prejudice. There is no ***undue*** prejudice to Horizon: (1) there is no surprise to Horizon; (2) expert reports have not been served yet; (3) a trial date has not been set yet; and, in any event, (4) any "prejudice" can be cured by modestly extending the schedule, as CURT requests in its motion. Further, Horizon has not, unsurprisingly, identified any specific other discovery it would need other than, potentially, expert discovery generally. *See Lipocine,* 2020 WL 4794576 at *7 ("[T]he loss of an opportunity for discovery on inequitable conduct typically does not result in prejudice to the patentee."); *HLFIP Holding,* 2022 WL 22887535, at *3 (the "mere passage of time does not require that a motion to amend a pleading be denied").

Rather, it is CURT that would be prejudiced by Horizon's discovery failures. To remedy this, CURT by its motion seeks two additional months of discovery, before

5

any expert reports, which will allow both parties to adequately complete discovery on the counterclaim. This is not undue prejudice to Horizon. *See Entangled Media,* 2025 WL 315305 at *4 ("None of these ordinary burdens of litigation are substantially prejudicial": reopening fact discovery "for the limited purpose of deposing one attorney witness," "augment[ing] privilege logs," or augmenting expert discovery, "which ha[s] not yet started").

Horizon's concern about a "fifth trial" is overblown and misleading. Opp. at 5, 22. There will be one trial for the claims currently at issue, which trial date has not been set. While "[l]iability and damages for purposes of trial are bifurcated," ECF 30, ¶ 1, a trial on damages is to "occur immediately after any verdicts finding liability are returned with the same jury." (ECF 130). Thus, there is one, phased, trial currently contemplated, and any additional time on CURT's counterclaim spent in a short bench trial outside the presence of the jury is insufficient to establish *undue* prejudice. *See HLFIP Holding,* 2022 WL 22887535, at *4 ("[P]laintiff has failed to cite any authority stating that defending against an inequitable conduct claim is sufficient, on its own, to establish undue prejudice."). Nor would separate expert discovery and summary judgment tracks be required if the current schedule is simply extended 60 days.

Good cause and good faith. Good cause supports CURT's good faith motion. First, amendments to the pleadings should be liberally granted "to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th

6

Cir. 1987). Second, "[w]aiting to file the motion until after obtaining corroborating deposition testimony is [] sufficient to meet the good cause requirement of [Rule 16]." *The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2008 WL 624771, at *7 n.7 (N.D. Cal. Mar. 4, 2008). Finally, there is no improper motive for seeking to litigate this case fully and fairly on the merits. CURT's motion should be granted.

### III.   HORIZON'S BID FOR SANCTIONS IS BASELESS

Predictably, Horizon again asks for sanctions. But to support its extraordinary request, Horizon misstates the record. First, the Court already allowed for CURT to file its renewed motion after considering "what, if any, impact striking certain of its contentions might have on its proposed amended counterclaim." ECF No. 237, PageID.11037. That is precisely what CURT has done and Horizon does not contend otherwise. Second, Horizon counsel's recitation of the parties' pre-filing communications is incomplete and misconstrued. As can be seen, Horizon's counsel asked various questions to CURT's counsel regarding the upcoming filings, to which CURT's counsel substantively responded, and to which Horizon's counsel never replied further. **Ex. 5** (Jan. 27 email string). No sanctions are warranted.

Dated:  February 18, 2025         Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH, LLP**

/s/ *Jared B. Briant*
Jared B. Briant

7

1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
jared.briant@faegredrinker.com

Andrew M. McCoy
300 N. Meridian Street, Suite 2500
Indianapolis, IN  46204
Tel: (317) 237-0300
andrew.mccoy@faegredrinker.com

Thatcher A. Rahmeier
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
thatcher.rahmeier@faegredrinker.com

Andrea I. Savageau
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000
andrea.savageau@faegredrinker.com

**KERR RUSSELL & WEBER PLC**

Fred Herrmann (P49519)
Abram Miller (P86289)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
fherrmann@kerr-russell.com
amiller@kerr-russell.com

*Attorneys for CURT Manufacturing, LLC*

8

## CERTIFICATE OF SERVICE

This is to certify that on February 18, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Dated: February 18, 2025  Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH, LLP**

/s/ *Jared B. Briant*
Jared B. Briant
1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
jared.briant@faegredrinker.com

*Attorneys for CURT Manufacturing, LLC*