UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HORIZON GLOBAL AMERICAS, INC., | Case No. 17-11879 |
|     Plaintiff/Counter-Defendant, | Denise Page Hood |
| v. | United States District Judge |
| CURT MANUFACTURING, LLC, | Curtis Ivy, Jr. |
|     Defendant/Counter-Plaintiff. | United States Magistrate Judge |
| _____/ | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL (ECF No. 180), DEFENDANT'S MOTION TO AMEND COUNTERCLAIM (ECF No. 244/245), and MOTIONS TO SEAL (ECF Nos. 224, 239, 243)**

This Order addresses CURT's motion to compel (ECF No. 180), CURT's motion to amend its counter-complaint (ECF No. 244/245), and the parties' motions to seal (ECF Nos. 224, 239, 243). The Court heard oral argument on the motion to amend on February 25, 2025.

A.     **Motion to Compel (ECF No. 180)**

CURT moved to compel production of former Horizon inventor/current CURT parent company inventor Eric Stanifer's inventor notebook. (ECF No. 180). Since that filing, the parties resolved the disputes. Horizon has produced all files and documents related to Stanifer's inventor notebook. (ECF No. 254, PageID.12298). The motion to compel is **TERMINATED AS MOOT**.

B.     **Motions to Seal (ECF Nos. 224, 239, 243)**

Three motions to seal are pending.  The Court adequately explained the standards relevant to motions to seal at ECF No. 237 and will not repeat them here.

Horizon's motion to seal at ECF No. 224 was amended and refiled at ECF No. 239.  So the motion at ECF No. 224 is **TERMINATED AS MOOT**.

Horizon's remaining motion to seal (ECF No. 239) is **GRANTED** for the reasons given in the motion.  Since the original motion, Horizon conferred with CURT to narrow the list of documents it wants sealed.  Now, Horizon wants only its motion for sanctions and four exhibits sealed.  Horizon adequately justified the reason for sealing those documents or filing them with redactions.  The seal and/or redactions are narrowly tailored to protect trade secret and other confidential business information.  (ECF No. 239, PageID.11046-49).

CURT moved for leave to file sealed and redacted versions of its motion to amend its counterclaim and two of the documents used in support of its motion. (ECF No. 243).  CURT also adequately justified its request for the seal.  The request is narrowly tailored to reach only that information that contains sensitive business information and Horizon's trade secrets.  The motion is **GRANTED**.

**C.    Motion to Amend Counterclaim (ECF No. 244/245)**

CURT seeks to amend its counter-complaint to add a claim of inequitable conduct.  If allowed, the new claim would assert that Horizon's '863 Patent is unenforceable because at least one of the attorneys from McDonald Hopkins,

including and especially Todd Benni, who was lead prosecution counsel for the '863 Patent, failed to disclose a B&W companion hitch, CURT's '899 Patent, and CURT's Q5 Fifth-Wheel Hitch as material prior art that the inventors reviewed and/or studied while creating Horizon's new product. (ECF No. 244-2, PageID.11454-55). CURT alleges that the prior art discloses or renders obvious the limitations in Horizon's patent, so had it been disclosed the patent would not have issued. (*Id.* at PageID.11460-61, ¶ 114). Mr. Stanifer, one of the inventors, testified about studying the prior art while creating Horizon's patent and wrote about the information generated from studying the other products in his inventor notebook. (*Id.* at PageID.11478, ¶ 157). CURT believes that the notebook would have been given to Horizon's patent counsel including Mr. Benni. But Benni did not disclose the prior art in the application. (*Id.* at ¶ 157-58).

    1.    <u>Governing Principles</u>

Leave to amend the complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, a motion for leave to amend a pleading "may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile." *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014) (citing *Riverview Health*

*Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)). "'A proposed amendment is futile if the amendment could not withstand a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss.'" *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

    2.    <u>Discussion</u>

        a.    Undue Delay and Prejudice

CURT insists that it did not unduly delay in bringing this motion. It filed the original motion to amend only one month after taking Mr. Stanifer's deposition. (ECF No. 244, PageID.11360). It notes that, although the lawsuit was filed in 2017, discovery did not begin until August 2022. CURT could not have deposed Stanifer before then. (*Id.* at PageID.11361). CURT asserts that discovery up to Stanifer's deposition did not provide enough information to seek leave to amend.

It also claimed to not have Stanifer's inventor notebook, but Horizon produced that late last year. (*Id.*).

From Horizon's perspective, not only does CURT now have the notebook, the notebook does not evince fraud so it is unhelpful to the proposed amended claim. (ECF No. 248, PageID.11940-41). And CURT's counsel referenced its '899 Patent as prior art to Horizon's '863 Patent in a July 2017 letter to Horizon's counsel. CURT's Q5 hitch is an embodiment of its '899 Patent, thus the patent and hitch identified as prior art were known for years, yet CURT did not seek to amend to add an inequitable conduct claim until recently. (*Id.* at PageID.11955). Further, while CURT appears to place the fraud at the hands of attorney Benni, and CURT says it could not seek leave to amend until Stanifer's deposition, Stanifer never testified about Benni. Benni is also named on the publicly available prosecution history for Horizon's patent, so his role has been known to CURT for years. (*Id.* at PageID.11955-56).

Horizon argues that it will face significant prejudice if leave to amend is granted. Delaying the case further to allow discovery on a new claim would require the company to redirect resources for investigation, including amending initial disclosures and witness lists. It will also add another bench trial to address this claim. (*Id.* at PageID.11957-58).

CURT says there is no *undue* prejudice if the motion is granted, and any prejudice can be cured by a 60-day extension for discovery.  (ECF No. 255, PageID.12307-08).  CURT furthers that nothing prohibits parties from waiting to seek leave to amend until it gathers evidence to support a claim, and nothing prohibits depositions from occurring late in the discovery period.  (*Id.* at PageID.12306).

In the July 2017 letter, CURT wrote it was "surprised that CURT's earlier ['899 patent] was not cited during the prosecution of the ['863 patent], as we have reason to believe that one or both inventors listed on [the '863 patent] were fully knowledgeable about CURT's earlier patent and product."  (ECF No. 179-5, PageID.7723).

At the hearing, counsel for CURT argued that a suspicion of fraud in 2017 was insufficient to bring an inequitable conduct claim.  CURT first needed facts that confirmed its suspicion, and it got those facts during depositions.

"[D]elay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay."  *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000).  But "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."  *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (internal quotation marks and citation omitted); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452,

459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."). "[C]ourts are especially inclined to deny a motion brought under Rule 15 'if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them[.]'" *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 22-3040, 2024 WL 4581120, at *2 (E.D. Mich. June 14, 2024) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (3d ed.)).

There has been undue delay in bringing this motion. Viewing the facts through CURT's perspective, it had no more than a suspicion that Horizon's patent was anticipated by its '899 Patent in July 2017. Discovery did not begin until August 2022, so it makes sense that CURT took no steps to find more facts that might bare on an inequitable conduct claim between 2017 and 2022. But then the parties engaged in a two-year long discovery period. CURT says it could not have moved for leave to amend until it took Mr. Stanifer's deposition because he could give the company useful information. Yet CURT has had access to Stanifer as an employee since 2020 and could have taken steps to depose him well before the close of discovery in 2024. CURT chose to wait to depose him until the very end. And CURT did not persuasively rebut Horizon's insistence that Mr. Stanifer's testimony does not support an inequitable conduct claim, especially one that

asserts that Mr. Benni is the person who committed fraud. The same is true for Mr. Stanifer's inventor notebook. CURT cites no portions of the testimony or notebook that aid in any weak points in its inequitable conduct claim (see the futility discussion, below) or that support an inequitable conduct claim without which the claim could not be added.

Because CURT did not begin the process of learning more relevant information until the close of discovery in 2024, and it is unclear how that late-learned information helps the claim, the Court concludes that it brought this motion with undue delay.

Because of the undue delay, Horizon has a lessened burden to show undue prejudice. This late-stage motion to amend will unduly prejudice Horizon because it will require the parties to engage in an entirely new kind of discovery on an entirely new claim after the close of discovery in a case that Horizon filed eight years ago. On its own, a 60-day extension of case deadlines that would accompany the amended counterclaim is not excessive, but in the context of *this* litigation, it is too much. And not only will discovery need to be extended, Horizon would plan to obtain expert witnesses to address the new claim, so all case deadlines will have to be adjusted. Horizon filed this infringement case in 2017. It has an understandable and uncontestable interest in seeing an end to the litigation.

8

CURT cites *Lawrence Boensch Co. v. Penn. Aluminum Int'l, Inc.*, 2012 WL 13008137 (E.D. Mich. May 25, 2012), for finding no *undue* prejudice in allowing an amended complaint because the court also extended discovery 60 days limited to the new claim and made the moving party pay the costs of that discovery. That case is distinguishable because it was adjudicating a motion to amend the complaint in a case that was only one year old. If this case was in its infancy, finding prejudice would be tougher.

Because of undue delay and undue prejudice, the motion to amend will be denied. The analysis continues in the interest of thoroughness.

   c.  Bad Faith

This factor looks to whether the motion to amend was brought in bad faith. Horizon argues that CURT omits material information from its motion. First, CURT asserted that Horizon had not yet produced Stanifer's inventor notebook, but it did last year. Second, CURT ignores some of Stanifer's key testimony. He testified that he thought the B&W hitch had no relation to the hitch he was working on. This means that the B&W hitch was not material to the '863 Patent and no one withheld it from the PTO. (ECF No. 248, PageID.11959). The other charge of bad-faith lies in CURT shifting from asserting that Stanifer took part in the fraud to placing the blame on Horizon's former patent counsel Mr. Benni. Horizon says the

9

factual basis for this shift is non-existent, that it makes no sense that Benni would risk his reputation and career on this one patent. (*Id.* at PageID.11960).

CURT insists there is no improper motive in seeking leave to bring this claim. (ECF No. 255, PageID.12309). It raised some points during the hearing to contrast with Horizon's point of view.

Based on the facts before the Court, the Court is not ready to conclude that CURT brings this motion in bad faith.

   d. Futility

Even if this motion were brought without undue delay and would not severely prejudice Horizon, the Court denies the motion also because that amendment would be futile.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). Inequitable conduct must be pleaded with the particularity required by Fed. R. Civ. P. 9(b). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation," is insufficient. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).

CURT intends to assert that Horizon or its agents failed to disclose information to the Patent and Trademark Office ("PTO"). To succeed on the

claim, CURT must show that the patent applicant (1) failed to disclose a material reference and (2) had a specific intent to deceive the PTO. *Id.* at 1290. "[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327. As to the second element, intent to deceive, the pleading "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id*. at 1328-29. "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290.

Horizon challenges the proposed amended complaint on intent, knowledge, and the "who" elements.

Starting with "who" committed the fraud. CURT's connection between the inventors to the lawyers accused of fraud goes like this: Stanifer and his co-inventor were aware of the three pieces of prior art before the patent application was filed. CURT's '899 Patent was cited in connection with a different Horizon patent around the same time which "demonstrates that Horizon, generally, and Horizon's patent counsel Benni . . . , was also aware of the '899 Patent." (ECF No.

11

244, PageID.11354). Horizon prevented CURT from asking Stanifer whether he spoke with patent counsel about the '899 Patent based on attorney-client privilege. (*Id.* at PageID.11355). "Thus," CURT says, it "adequately pled that it was at least Benni . . . who was responsible for committing inequitable conduct." (*Id.*). CURT furthers that its inability to learn precisely who was involved is further "exacerbated" by Horizon's failure to produce the inventor notebook. (*Id.* at PageID.11356). Horizon, of course, produced the notebook before this motion was filed and the notebook offers no help here.

     Horizon says that CURT's pleading is insufficient to allege "who" committed fraud because CURT does not actually know who committed the alleged fraud. (ECF No. 248, PageID.11945-46). It argues that it is too late for CURT to allege anything on information and belief, considering the two years of discovery the parties worked through. (*Id.* at PageID.11948). Horizon finds CURT's attempt to establish that the person who allegedly committed fraud knew about the prior material art lacking. It begins by asserting that Stanifer lacked the knowledge required to appreciate the materiality of the prior art. (ECF No. 248, PageID.11949). Next, it says the link between Stanifer and Benni is weak. CURT alleges that Stanifer's work was turned over to patent counsel, but CURT never asked Stanifer to confirm that. Rather, Stanifer testified that his notebook

12

remained locked in a cabinet. And even if the notebook were passed along, it would have gone through others before getting to Benni. (*Id.* at PageID.11950).

It is disappointing that at this late stage, CURT can rely on no more than suspicion to assert that Mr. Benni or some other attorney is the person to be charged with fraud. The point is well-taken that it is inappropriate for CURT to be relying on "on information and belief" allegations considering the late stage of the litigation. "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control." *Exergen Corp.*, 575 F.3d at 1330. The parties engaged in more than two years of fact discovery that closed late last year. It is too late now for CURT to rely on a lack of information in a proposed pleading. *DNA Genotek Inc. v. Spectrum Sols. L.L.C.*, 2023 WL 3442085, at *5 (S.D. Cal. May 12, 2023).

What is more, the air of suspicion CURT raises against Mr. Benni is insufficient. "[T]o have a duty to disclose information to the PTO, an individual must be (1) associated with the filing and prosecution of a patent application such that he owes a duty of candor to the PTO, and (2) knew that the information in question is material." *Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 973 (Fed. Cir. 2010). CURT's proposed pleading lacks any "factual basis to infer that any specific individual, who owed a duty of disclosure in prosecuting the ['863 Patent], knew of the specific information . . . that is alleged

13

to be material to the claims of the . . . patent." *Exergen Corp.*, 575 F.3d at 1330. As *Exergen* noted, patent references may be long and its teachings may be relevant to different applications for different reasons. So the Court cannot assume that someone who generally knew of the existence of another patent also knew of the specific material information in that patent. *Id.* On the facts presented, there is not enough for the Court to infer that Mr. Benni or another attorney knew of withheld material information.

Even if CURT has said enough to satisfy the "who" element, the proposed pleading suffers in other areas.

The intent element requires not simply an intent to take the action or omission, but the specific intent to deceive or mislead the PTO into granting the patent. *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1320 (Fed. Cir. 2010). "[O]ne must have intended to act inequitably." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988). "Intent to deceive can not be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996); *Exergen*, 575 F.3d at 1327.

CURT did not sufficiently plead intent.

CURT does not yet have a sufficient base of facts to support intent. It relies on Stanifer's story about the process of creating the '863 Patent to attempt to create

14

an inference that Benni intended to deceive the PTO. CURT alleged facts about Stanifer and his co-inventor studying the three pieces of prior art. (ECF No. 244-2, PageID.11472-78). And CURT points to Stanifer's testimony that the motivation behind the '863 Patent to compete with CURT. (*Id.* at PageID.11477, ¶ 151). Given the inventors' knowledge of the prior art, studying the prior art, the desire to compete with CURT, and the failure to disclose the prior art in the application, "the only reasonable conclusion," according to CURT, "is that Horizon and/or McDonald Hopkins, acting through at least Benni, knowingly withheld this material information with the specific intent to deceive the USPTO." (*Id.* at PageID.11481, ¶ 170).

There is a large leap in logic between Stanifer studying the prior art and the concept of market competition generally, and Mr. Benni or other counsel at McDonald Hopkins intending to deceive the PTO. Companies routinely create new products for competitive advantage. And Horizon has submitted other patent applications in the past identifying CURT products as material prior art, so it is not as if there could be a showing that Horizon consistently tries to hide CURT products in its patent applications. There is nothing untoward here, at least not in CURT's proposed amended pleading. *See PayRange, Inc. v. Kiosoft Techs., LLC*, 2021 WL 11726568, at *4 (S.D. Fla. Nov. 15, 2021) (finding intent insufficiently

15

pleaded when the defendant failed to at least provide facts supporting its view of the intent to deceive).

Take the allegations in *Tecnomatic S.p.A. v. ATOP S.p.A.*, 2021 WL 1405879 (E.D. Mich. Feb. 24, 2021), as an example of a proposed pleading sufficiently supporting an inference of deceptive intent. There, the defendant alleged

> (1) "Tecnomatic represented to the Patent Office that the EP-8 line was not an offer for sale that would bar patentability, because the offer for sale took place outside the United States;" (2) "[o]n information and belief, however, Tecnomatic shipped the EP-8 line into the United States;" and (3) Tecnomatic failed to disclose this information to the PTO. ATOP then avers "[t]he only reasonable inference to be drawn from these facts is that at least Tecnomatic, and specifically at least Mr. Ranalli, withheld information related to the shipping location of the EP-8 line with an intent to deceive the Patent Office into issuing the '000 and '193 patents."

*Id.* at *7 (internal citation omitted). In short, the plaintiff told the PTO one thing but was alleged to have knowingly (a company does not unknowingly ship products) done the opposite. From this it is reasonable to infer that the plaintiff withheld the information to deceive the PTO.

Here, CURT alleges that Benni was aware of the existence at least of CURT's '899 Patent, but then asks the Court to infer that Benni knew of the material information in the '899 Patent, CURT's Q5 fifth wheel hitch, and the B&W hitch that was not disclosed. Then the next inference CURT wants the Court

16

to draw is that Benni knowingly chose to go forward with prosecution withholding the prior art to deceive the PTO into granting the patent application. Instead of inference, CURT asks the Court to imagine facts that are not there.

CURT did not provide sufficient facts from which the Court could infer that Mr. Benni, or someone else connected to Horizon, left out the material prior art *with the intent* to deceive the PTO.

Because the amendment comes with undue delay and undue prejudice, and would be futile, the motion to amend the counterclaim is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 18, 2025						s/Curtis Ivy, Jr.
								Curtis Ivy, Jr.
								United States Magistrate Judge